PRESCOTT v. GONSER, Auditor, etc.

1. Mandamus: COUNTY OFFICERS. Where the clerk of the board of supervisors issued a county warrant, pursuant to an order of the board, but neglected to place the seal of the county thereon, it was *held*, that his successor in office might be compelled in a proceeding by mandamus to supply the omission by affixing the proper seal to the warrant.

2. —— It cannot be successfully urged against the right of the plaintiff to maintain such a proceeding, that he has a speedy and adequate remedy at law by an action on the bond of the officer neglecting to seal the warrant.

3. —— STATUTE OF LIMITATIONS. In such case the statute of limitations, respecting actions against public officers (Rev., § 2740, subd. 2), would begin to run from the date of issuing the warrant, instead of from the time of demand of performance upon, and refusal by the officer to supply the omission; and the proceeding would be barred unless commenced within three years.

*Appeal from Clay District Court.*

FRIDAY, APRIL 5.

IT is alleged in the petition, that on the 31st day of December, 1864, the board of supervisors of Clay county, Iowa, allowed to J. Hindelspeyer the sum of $500 as money due him for materials furnished and labor performed for the county, and ordered their clerk to issue

warrants therefor, which action of the board was, and is, duly recorded; that by virtue of such authority the clerk issued a warrant for $250, dated December 31, 1864, No. 346, and signed the same, but neglected to affix the seal of the county thereto, but impressed thereon the seal of the district court.

Another count in the petition contains like averments upon another warrant for $100, dated June, 26, 1865.

It is further alleged that the plaintiff is the assignee of both warrants; that the defendant is the auditor of said county, and the successor in office of the clerk of the board of supervisors; that on the 25th day of October, 1870, he presented said warrants to said auditor, and demanded that he should affix thereto the county seal, which he then refused to do. A peremptory writ of *mandamus* is prayed.

The defendant demurred to the petition, which being sustained plaintiff excepted, and appeals from the judgment thereon.

*G. S. Robinson* for the appellant

*Samuel Gonser* for the appellee.

MILLER, J. — I. The first and second grounds of demurrer are to the effect, that the petition does not state

MANDAMUS: county officers.

sufficient facts to constitute a cause of action in this, that it is not alleged that the defendant was clerk of the board of supervisors at the time of the issuance of the warrants set out in the petition, or that the board ever directed this defendant to seal the warrants.

The position contended for in the argument is, that the defendant is not in law authorized or required to affix the county seal to warrants issued by his predecessor in office, unless specially directed to do so by the board of supervisors.

In this position we do not concur.

The county, whose officer the defendant is, is a corporation for political purposes (Rev., § 221), and as such is clothed with the attribute of perpetual succession, as long as the corporation shall have an existence. It is the same person in law to-day as when these warrants were issued ; in like manner as the " Great Father of Waters" is still the same river, though the parts which compose it are ever, and will continue to be, while its majestic stream shall pursue its course to the sea, changing every instant of time. See 1 Bl. Com., marg. p. 468 ; Angell & Ames on Corp., § 8. So a corporation, which is composed of its numerous members, and is, and can be, represented only by its officers and agents, who are continually changing, is, during its entire existence, but one person in law. Id. And where the action, as in this case, is brought against an officer of the corporation, upon whom the law devolves a specific duty, which, it is alleged, he has omitted and refuses to perform, the same doctrine of immortality, so to speak, is to be applied. The action is brought against the *officer* as such, and not against the *person;* for it is only in his official capacity that he can perform the duty ; and the act sought to be enforced is to be done by the officer who at the time sustains that relation. If, therefore, a duty which is specially enjoined upon an officer is neglected or omitted by him, his successors may be required to perform it, if it can still be done. *United States ex rel.* v. *Commissioners of Dubuque County,* Morris (Iowa), marg. p. 31.

II. The third ground of demurrer is, that the plaintiff has a plain, speedy, and adequate remedy in the ordinary course of the law. The argument is, that the plaintiff has his action upon the bond of the officer, who neglected to affix the seal of the county to the warrants. We have just seen, however, that this duty, if it be such, does not attach to the *person* occupying the office, but devolves upon his successor, who is under the same obligation to

perform it, as was his predecessor; and we are of opinion that although an action on the bond of either officer *might* be maintained, yet the remedy would not be speedy or adequate. The petition alleges that the board. of supervisors, in the legal method, allowed the respective claims against the county, and directed their clerk to issue county warrants accordingly. It was his specific duty to sign and issue the warrants as directed by the board. Rev., §§ 319, 321. The county as a municipal corporation is required to keep a seal on which must be inscribed the words " seal of the county of Clay, Iowa " (Rev., §§ 221, 222), which is to be affixed to each warrant drawn on the county treasury, for, upon warrants drawn, signed and " sealed with the county seal, and not otherwise," is the treasurer of the county authorized to disburse the funds of the county. Rev., § 360. The clerk of the district court at the time these warrants were issued was the clerk of the board of supervisors, and upon him the law devolved the duty of affixing the seal to warrants drawn on the treasury. Rev., §§ 319, 321. The board of supervisors constituted the body authorized to audit and allow all just claims against the county (Rev., § 312), and when they had audited and allowed the claims mentioned in plaintiff's petition, it became the duty of their clerk to issue warrants on the treasury for the payment thereof; and he could comply with this duty only by drawing, signing and issuing such warrants as the treasurer was authorized to pay, viz., warrants signed by the clerk, and sealed with the county seal. Such warrants the person entitled thereto had a right to demand and receive at the time, and is still so entitled, unless his right thereto is barred by the statute of limitations. And while he might have another remedy (but of this we give no opinion), it would not be speedy or adequate, and he should not be driven thereto.

III. Another ground of the demurrer is, that the action is barred under the second subdivision of section 2740 of

**3. —— statute of limitations.** the Revision, which limits to three years all actions "against a sheriff or other public officer growing out of a liability incurred by the doing of an act in an official capacity, or by the omission of an official duty, including the non-payment of money collected on execution."

It is insisted, by appellant's counsel, that the right of action did not accrue against the defendant until demand of performance and refusal, which is alleged to have occurred on the 25th day of October, 1870, and that the statute then only commenced to run.

That the action of *mandamus* cannot be maintained until there has been a refusal to perform the official duty sought to be enforced is true, but to hold that a plaintiff, who has a right to demand performance at any time, may delay such demand indefinitely, would enable him to defeat the object and purpose of the statute. It is certainly not the policy of the law to permit a party, against whom the statute runs, to defeat its operation, by neglecting to do an act which devolves upon him, in order to perfect his remedy against another. If this were so, a party would have it in his own power to defeat the purpose of the statute in all cases of this character. He could neglect to claim that to which he is entitled, for even fifty years unaffected by the statute of limitations, thereby rendering it a dead letter. In such a construction of the statute we cannot concur.

In *Baker* v. *Johnson County*, 33 Iowa, 151, it was claimed, by counsel for plaintiff, that since the law gave him the right to sue the county only after he had presented his claim to the board of supervisors, and they had refused to allow it, the statute of limitations did not commence to run until such demand and refusal; but it was held, that the presentation of his claim to the board was a preliminary act, devolving upon him in the institution of the proceedings for the collection of his claim

against the county, which he might do at any time after his claim matured, and hence the statute commenced to run from the time of the maturity of the debt.

So, in this case, the plaintiff's right to demand of the clerk of the board of supervisors the performance of the duty omitted by him existed and was complete at the time the warrants were issued. It was the legal duty of the clerk *then* to affix to the warrants the seal of the county, and the plaintiff had the right then to demand the performance. The omission of this official duty is the ground of plaintiff's action. The neglect of the officer to affix the seal of the county to the warrants constituted the injury to the plaintiff, for which the law afforded him a remedy by action. He could have commenced proceedings at once to compel performance. True, as a preliminary step in his proceeding, a demand was necessary before he could be entitled to the extraordinary writ of *mandamus;* but no demand was necessary to create the duty required of the officer. It was as much his duty to affix the county seal to the warrants, at the time they were issued, as it was after demand; and the issuance of the warrants without the proper seal affixed was a breach of official duty, which a subsequent demand did not augment.

The demand by plaintiff was not necessary to create the duty, but only as a preliminary step to the enforcement of the *remedy* for a breach of official duty, which breach was complete without a demand. The demand was to be made by the plaintiff. This act devolved upon him as much as the act of procuring an original notice to be served upon the defendant, and each was necessary as preliminary to the right to the writ of mandamus. To allow him to suspend the operation of the statute of limitations by his own neglect to make demand, would be to permit him to take advantage of his own wrong.

We are of opinion that the clause of the statute above quoted is applicable to this case. The act complained of

is "the omission of an official duty," by "a public officer," whereby he incurred a liability.  He rendered himself liable to the action of mandamus, by a failure to perform a duty specially enjoined by law upon him in his official capacity. This liability he incurred by the omission of an official duty, which brings the case within the above-mentioned provision of the statute.  Holding that the action was barred in three years from the time when the cause of action accrued, and that the statute commenced to run when the plaintiff had the right to demand performance of the duty omitted, and immediately bring his action, if performance was refused, the demurrer was properly sustained on this ground, and the judgment of the court below is

Affirmed.