### SPRINGER v. THE COUNTY OF CLAY.

Limitation of actions: DEMURRER. Where the petition in an action shows affirmatively that its cause of action is barred by the statute of limitations, it may be assailed by demurrer. Section 2742 of the Revision of 1860 providing that the limitation of the statute should not apply " if from the answer of defendant or from his testimony as a witness, it affirmatively appears that the cause of action still justly subsists," was repealed by § 35, chap. 167, Laws of 1870.

County warrant: SEAL. A county warrant is of no validity unless it has the seal of the county thereto attached. The seal of the district court of the county is insufficient.

*Appeal from Clay District Court.*

SATURDAY, OCTOBER 24.

ACTION upon forty-five county warrants. The petition contains a separate count upon each warrant. The first four counts show the warrants upon which they are respectively founded, to have been issued more than ten years prior to the commencement of this suit ; and each of said counts also contains the averment that the plaintiff's cause of action still justly subsists, as the plaintiff can and will make appear from the answer of the proper officers of the defendant, and from their testimony as witnesses on the trial of the cause. It also appears from the petition and

VOL. XXXV — 31

the exhibits attached thereto, that the warrants upon which the remaining thirty-one counts are founded were severally sealed with the seal of "The District Court of Clay County, Iowa," and with the "Seal of The County of Clay, Iowa," except one warrant, upon which there was no seal whatever, and two warrants upon which there were both of said seals.

It is averred in the petition that said county uniformly used said seal of the district court from the 1st day of January, 1861, up to January 1, 1869, and that said seal was attached to all warrants and other contracts of said county during said time; that the same was so used by the clerks of the board of supervisors knowingly and with the consent of the board, and such use was ratified by said board; and the warrants of the county so issued were treated as valid and accepted and paid as such, without objection, and that all the warrants sued on were issued by the clerk of the county, after being authorized by a vote of the board.

The defendant demurred to the first four counts, because the petition showed that the causes of action therein were barred by the statute of limitations. And to all the other counts, except two, because it was shown that the warrants therein named were not sealed with the "Seal of the County of Clay, Iowa." The demurrer was overruled as to the first and sustained as to the second. Both parties appeal.

*Duncombe & Springer* for the plaintiff.

*Samuel Gonser* for the defendant.

COLE, J. — I. *As to defendant's appeal.* This relates to the overruling of the demurrer to the first four counts. When a pleading shows affirmatively that its cause of claim is barred by the statute of limitations, it may be

assailed by demurrer. Rev., § 2961. Actions founded on written contracts must be brought within ten years. § 2740, subd. 4. But it was also provided, that such limitation shall not apply " if from the answer of the defendant or from his testimony as a witness it affirmatively appears that the cause of action still justly subsists." § 2742. This section, however, was repealed by section 35, chapter 167, Laws of 1870, which took effect before this action was commenced. Since, therefore, it affirmatively appears from the petition that the causes of claim set out in the first four counts thereof were barred by the statute of limitations, and that the right to show the facts alleged, in order to avoid the bar, does not now exist, the statute whereon the same was based having been repealed, the court erred in overruling the demurrer to the said four counts.

II. *As to plaintiff's appeal.* This relates to the seal. " Each county * * * is a body corporate for civil and political purposes; * * * shall keep a seal such as provided by law, * * * * * the inscription on which shall be " Seal of the County———, Iowa " (naming the county) in capital letters, and each new seal hereafter obtained shall be of the same description" * * * Rev., §§ 221–2 " It is the duty of the treasurer to receive all money payable to the county and to disburse the same on warrants drawn and signed by the clerk of the board of supervisors, and sealed with the county seal and not otherwise * * *." § 360. Our statute having thus expressly and imperatively declared what the seal of the county affixed to the warrants *shall be,* and prohibited the payment of money upon any other, it was not competent for the county officers, by usage or otherwise, to change the statute or to give effect to an instrument which the statute, in effect, declares invalid, by directing that money shall not be disbursed' upon it. *Prescott* v. *Gonser,* 34 Iowa, 175. The county may be liable on the indebtedness for which the warrants were issued, but not on the warrants as such.

The court did not err in sustaining the demurrer. On plaintiff's appeal the judgment is *affirmed*. On defendant's it is

Reversed.