REEVE and another vs. THE CITY OF OSHKOSH.

MUNICIPAL CORPORATIONS. (1, 2) *Action upon city orders, when necessary to allege funds in treasury.* (3) *Order on defendant's treasury must specify purpose for which drawn.*

1. In an action upon an order drawn by the mayor and clerk, on the treasurer of a city, and made by its terms " payable out of the *general fund* not otherwise appropriated," it is not necessary to aver that at the time of the presentment there were moneys belonging to such fund in the treasury, not specially appropriated, sufficient to meet such order.

2. Otherwise, where the order is upon a *particular fund.*

3. Defendant's charter provides that " all orders drawn upon the treasury shall *specify the purpose* for which they were drawn, and shall be payable generally out of any funds in the treasury belonging to the city, except the school fund." *Held,* that this provision is *mandatory,* and no recovery can be had on an order which does not specify the purpose for which it is drawn.

APPEAL from the Circuit Court for *Winnebago* County.

Plaintiffs brought their action against the *City of Oshkosh* to recover the amount claimed by them as holders of four city orders. The orders were set out in the complaint, and, with the exception of the different amounts and numbers, were all as follows:

"$200, City Order.                        No. 810.

"Treasurer of the City of Oshkosh, pay to W. C. Frederick, or bearer, two hundred dollars out of the general fund not otherwise appropriated. By order of the common council this 28th day of March, 1872.

"J. B. POWERS,                        JAMES V. JONES.

     "*City Clerk*.                        *Mayor*."

Defendant demurred on the ground that the complaint did not state a cause of action. The court overruled the demurrer; and defendant appealed.

*W. R. Kennedy*, for appellant, argued that the demurrer should be sustained, because the orders failed to specify the purpose for which they were drawn, as required by the city charter. Sec. 1, ch. 7 of the charter (P. & L. Laws of 1868, ch. 501). The orders, therefore, are not evidence upon their face of any indebtedness; and since they do not conform to the requirements of the charter, the complaint is demurrable. See *Leavenworth v. Rankin*, 2 Kan., 358, 371. See, also, sec. 3, art. XI, constitution of Wisconsin. Again, the language used in the orders, "payable out of the general fund not otherwise appropriated," gives an uncertainty as to the payment, rendering them payable only upon the contingency of there being money in the treasury not otherwise appropriated. Hence the allegation that there are funds in the treasury not otherwise appropriated becomes a condition precedent to plaintiff's recovery. And their complaint, containing no such allegation, is fatally defective. Dillon on Municipal Corporations, § 413, note; *Commissioner v. Mason*, 9 Ind., 97. And see *Sanders v. Whitesides*, 10 Cal., 88; *Rogers v. Cody*, 8 id., 324.

*Jackson & Halsey*, for respondent, argued that the orders were, in effect, promissory notes of the city. *Clark v. City of Des Moines*, 19 Iowa, 199. The form of words used does not render it necessary for plaintiffs to show that there was money in the treasury. The only effect or purpose of the words used is to enable the officers of the city to keep the account. Dillon

on Municipal Corporations, § 406 et seq. ; *Clark v. City of Des·Moines, supra; Bull v. Simms,* 23 N. Y., 570 ; Story on Notes, §§ 25, 26.   To deny an action on these orders as evidences of indebtedness, issued by authority of the common council of the city, would be to deny all remedy to the creditor, since it will not be pretended that a creditor, having accepted one of these orders, could recover upon the original cause of action.   The provisions of the city charter as to the form of the order are only directory, and a departure from the form is no defense to an action on the order.   *Young v. Camden Co.,* 19 Mo., 309.

COLE, J.   This action is brought on four several city orders for certain specified amounts, which were made payable to one W. C. Frederick or bearer, " out of the general fund not otherwise appropriated," and were signed by the mayor and the city clerk.   The complaint alleges that the plaintiffs are the lawful owners and holders of the orders, and that such orders have been presented to the city treasurer at his office in the city of Oshkosh for payment, and that payment of the same was refused.   The orders are set out in *haec verba* in the complaint. The complaint was demurred to on the ground that it does not state facts constituting a cause of action.   A number of points are made in support of the demurrer.

And first it is insisted, that as these orders were expressly made " payable out of the general fund not otherwise appropriated," the complaint should have alleged that at the time they were presented to the city treasurer for payment, there were sufficient moneys belonging to that fund in the treasury, not specially appropriated, to meet them.   This objection cannot prevail.   These orders are not payable out of a particular fund, but are made payable out of the general fund of the city. . If they were made payable out of a special fund, it would doubtless be necessary to allege that there were moneys belonging to that particular fund sufficient to meet them.   In that case the promise or undertaking of the city would not be absolute, as it:

now is, but would be contingent upon the existence of a sufficiency of the fund applicable to the payment of the orders. These orders, however, were made payable from the treasury generally. *Bull v. Sims*, 23 N. Y., 570. A "distinction must be observed between orders payable out of a particular fund, and those which evidence a general corporate liability, but are directed to be charged to a particular account." Dillon on Municipal Corporations, sec. 413; *Kelley v. The Mayor etc. of Brooklyn*, 4 Hill, 263; *Bayerque v. City of San Francisco*, 1 McAllister, U. S. C. C. R., 175.

Another objection taken to the orders is, that they fail to state, as required by the city charter, the purpose for which they were drawn, and therefore create no liability against the city. This objection appears to us insurmountable. Section 1, ch. 7 of the charter (P. & L. Laws of 1868, ch. 501), provides that "all orders drawn upon the treasury shall specify the purpose for which they were drawn, and shall be payable generally out of any funds in the treasury belonging to the city, except the school fund." It must be admitted that the orders in the present case do not state any purpose for which the money was to be paid; nor do they conform in any manner to this provision. The language of the charter, it will be seen, is mandatory, that "*all orders shall specify the purpose for which they were drawn*," while the orders before us contain no specification of the kind. We can not therefore see how these orders can be said to create a liability against the city, or be evidence of a debt against it. For it can not be successfully claimed that the legislature could not direct the form and substance of the orders which should be issued by the officers of the city, and prescribe the mode in which such instruments should be drawn to render them binding obligations. And having plainly required that the orders should state the purpose for which they were drawn, no orders are valid unless they conform to this requirement. The counsel for the plaintiffs, however, contends that this provision of the charter is merely *directory*, which the

officers of the city might observe or not in issuing orders. We are unable to take this view of the provision. As already remarked, the language is imperative and mandatory, and plainly directs that every order issued by the officers of the city shall specify the purpose for which it is drawn. The object of the requirement is to protect the public against an abuse of the power to issue orders, and to guard against the fraud and dishonesty of city officials. If the orders specify the purpose for which they are drawn, citizens interested in the expenditure of public funds can ascertain from them what application was made of all moneys which might come into the city treasury, and see whether they were devoted to a legitimate object. And the city treasurer, on the presentation of the order, has the means of knowing whether money is paid on it for an authorized purpose. The provision is a wise and salutary one, easy to be complied with on the part of the city authorities, and can not be disregarded when issuing orders which create a liability against the city. For, the manifest intention of the legislature was to forbid the issuing of any order which did not state the purpose for which it was drawn. A departure from this prescribed form in the orders set out in the complaint renders it impossible to maintain any action upon them. The provision can not be regarded as directory merely, and one which the city authorities may observe or not at their pleasure.

The plaintiffs base their cause of action upon these orders exclusively, and as they are invalid, it follows that the complaint is fatally defective.

*By the Court.* — The order of the circuit court overruling the demurrer to the complaint is reversed, and the cause remanded for further proceedings according to law.