THE STATE *ex rel.* FRANCIS *et al.*, *Appellants*, v. SMITH.

1. **St. Louis, Auditing Claims Against :** REPEAL OF PRIOR LAWS. All prior laws authorizing the allowance and auditing of claims against the city of St. Louis, inconsistent with the charter provisions on that subject, are expressly repealed by section 16, of article 16, of the charter.

2. ————. No claim shall be audited against the city of St. Louis, unless it "is in proper and fully itemized form." Charter, section 21, article 4.

3. **Itemized Account :** ST. LOUIS : CHARTER. An itemized account is one which states the items making up the aggregate of the demand. An account "for current expenses of the police department, two hundred dollars," is not an itemized account within the meaning of section 21, of article 4, of the Charter of St. Louis.

*Appeal from St. Louis City Circuit Court.*—HON. AMOS M. THAYER, Judge.

AFFIRMED.

*F. P. Blair* and *J. M. Holmes* for appellants.

Under the various provisions prior to the adoption of the charter, the board had the right to draw the warrant in the form as it appears in the record. Section 21, of article 4, of the charter, providing that no claim shall be audited against the city, unless it is in proper and fully itemized form, does not require more fully itemized vouchers than the circumstances of the case permit.

This section is to be construed in a reasonable manner, and so as to promote and not defeat its object. Should the auditor be sustained in his position, the police board of the city would be seriously crippled, and the criminal classes greatly aided. The charter practically leaves the entire matter of the control, maintenance and conduct of the police force just as established by the special acts creating it prior to the adoption of the charter. These special acts are not materially affected by section 16, article 16, of the charter. Repeals by implication are not favored. If it is possible to reconcile two acts, both shall stand. *McCool v. Smith*, 1 Black, 459 ; *Railroad v. Cass Co.*, 53 Mo. 17. It is a second canon of construction that in construing a part of an act, all acts relating to the same subject must be construed together. *U. S. v. Babbit*, 1 Black, 55.

*Leverett Bell* for respondent.

Section 21, of article 4, of the charter provides that no claim or demand, or any part thereof, shall be audited against the city, unless it is authorized by law or ordinance, and is in proper and fully itemized form. All prior acts in conflict with this act are repealed by express enactment, article 16, section 16, of charter. The claim or account in question is not in proper and fully itemized form.

RAY, J.—This cause originated in the circuit court of St. Louis city. It is a mandamus proceeding, the object of which is to compel the respondent, who is auditor of the city of St. Louis, to audit and allow a voucher for two hundred dollars, for current expenses of the police department, made out as follows :

"The city of St. Louis to James L. Blair, vice and acting President, Dr. Two hundred dollars. For current expenses of the police department $200.00 police and all other salaries and current expenses."

This was duly certified as correct, and as having been approved by the board of police commissioners. Before the adoption of the scheme and charter, it would have been the duty of the auditor to audit and allow the account. This is not denied, but the respondent contends that the laws authorizing the auditor to allow it, in that general form, have been repealed by section 16, of article 16, of the charter of the city (2 R. S., 1879, p. 1627), which provides: "That all claims against the board of police commissioners, including salaries, shall be paid out of the city treasury in the same manner as other claims against the city are paid and said claims shall be certified to by the president and secretary of said board and audited as provided in this charter for claims against the city, and all acts or parts of acts inconsistent with or in conflict with this section are hereby repealed." It is further provided by section 21, article 4, of said charter: That it shall be the duty of the auditor of the city to examine, adjust, and audit all unsettled accounts, claims and demands against the city for the payment of which any money may be drawn from the city treasury, and after having examined the same with all accompanying vouchers and documents he shall certify thereon the balance or true state of such claim or demand, and draw his warrant on the treasurer in payment thereof, but no such claim or demand, or any part thereof, shall be audited against the city unless it is authorized by law or ordinance and is in proper and fully itemized form, and unless the amount required for the payment of the same shall have been appropriated for that purpose by the assembly. It is further provided by section 11, of article 5, of said charter, that no money shall be paid out of the treasury except on the auditor's warrant; and by section 14, of article 5, that no money shall be expended except by ordinance, the provisions of which shall be specific and definite.

There is no necessity for a resort to the doctrine of

implication to sustain the proposition, that former laws, authorizing the allowance and auditing of claims against the city, inconsistent with the charter provisions, are repealed by the charter. Section 16, article 16, of the charter, expressly repeals "all acts or parts of acts inconsistent with, or in conflict with this section." The only question, therefore, is, is the charter provision in conflict with the previous laws on the subject. That section provides, that all claims against the board of police commissioners shall be paid out of the city treasury, in the same manner as others against the city are paid; and section 21, article 4, provides how other claims shall be audited, allowed and paid, and expressly forbids the auditing of any claim, unless it "is in proper and fully itemized form." The account in question does not comply with that requirement. An itemized account is one which states the items making up the aggregate of the demand, and if any good is accomplished by requiring an itemized account, it would be defeated, if claims in the form of this might be audited. It may be that the rule hampers and hinders the police commissioners in a proper discharge of their duties, with regard to the detection of crime and the arrest of criminals, but that is a question for the consideration of the law makers.

The judgment of the circuit court is affirmed. All concur, except Sherwood, J., who dissents.