BROWN, Respondent, vs. THE TOWN BOARD OF SCHOOL DIRECTORS OF THE TOWN OF JACOBS, Appellant.

*April 30 — May 20, 1890.*

*School districts: Orders payable out of general or special fund? Pleading: Presumptions.*

> In an action against a town board of school directors upon orders drawn upon the town treasurer for debts incurred for school purposes, and made payable " out of any moneys in the school fund not otherwise appropriated," the complaint need not allege that there are moneys in such fund out of which the orders could be paid. Such orders are not payable out of a special fund, and the presumption is that the school officers have performed their duty in raising money for the support of the schools.

APPEAL from the Circuit Court for *Ashland* County.

Action upon school orders, payment of which had been refused by the town treasurer upon whom they were drawn. The orders were all in form like the following:

" $2.50                    SCHOOL ORDER.                    No. 128
                    " Glidden, Wis., April 13th, 1889.

" *To the Treasurer of the Town of Jacobs:* Pay to F. Ersmann or bearer the sum of two and 50-100 dollars, out of any moneys in the school fund not otherwise appropriated, being for sawing wood District 1.

                              " GEORGE SELL, Secretary.
" Countersigned : E. A. EATON, President."

The defendant appeals from an order overruling a general demurrer to the complaint.

For the appellant there was a brief by *Cole & O'Keefe,* attorneys, and *Tomkins, Merrill & Smith,* of counsel, and oral argument by *Rublee A. Cole* and *W. M. Tomkins.*

For the respondent there was a brief by *Weisbrod, Thompson & Harshaw,* and oral argument by *A. E. Thompson.*

Cole, C. J.   This action is brought on a number of school orders which were drawn by the secretary of the district upon the town treasurer, and were countersigned by the president of the district.   The orders, upon their face, purport to be drawn for debts incurred by the district for school purposes, and were made payable "out of any moneys in the school fund not otherwise appropriated." It appears that the town of Jacobs has adopted the township system of school government, under the provisions of R. S. ch. 27, sec. 516 *et seq.*, and the town constitutes but one school district.   The complaint is demurred to because it fails to allege that there were moneys in the school fund of the town out of which the orders in the suit could be paid.   Such an allegation we deem unnecessary, because the presumption is that there were moneys in the hands of the town treasurer to pay them.   The statute contemplates or requires each school district to annually provide for raising by taxation an amount of money sufficient for the support of the schools the ensuing year; and the presumption is that the officers have discharged their duty in that regard, in the absence of all showing to the contrary.   Properly speaking, the orders are not made payable out of a special fund, as defendant's counsel contends, but out of the general school fund in the hands of the treasurer which belongs to the district.   There should be funds in the hands of the treasurer to pay the orders, and the rule upon which counsel relies does not apply.   The distinction between orders payable out of a particular fund, and those which import a general corporate liability but charged to a particular account, is pointed out in *Reeve v. Oshkosh*, 33 Wis. 477, and must be observed here. As we have said, it was the duty of the school board to provide for the payment of orders issued for the support of the schools, and presumably the officers have performed their duty.   It is clear, upon the allegations of the complaint, a cause of action is stated against the district; and it

is put to its defense if it has any. Upon the facts the plaintiff would be entitled to judgment for the amount of the orders sued on.

*By the Court.*— The order of the circuit court is affirmed, and the cause is remanded for further proceedings according to law.