## IN RE FARRELL.

(No. 2,495.)

(Submitted November 22, 1907. Decided December 2, 1907.)

[92 Pac. 785.]

*Habeas Corpus—Forgery—Information—Insufficiency—Jurors'
Certificates—Duty of Clerk of District Court—Seal—Officers
—Powers—Appeal.*

Criminal Law—Information—Insufficiency—*Habeas Corpus*—Appeal.
    1. If an information is not merely defective, but states facts which do not constitute any crime known to the law, or undertakes to state such an offense, but the facts do not constitute it, and no addition to them, however full and complete, can supply what is essential, the court is without jurisdiction to put the defendant on trial, and, if convicted, he is entitled to his release on *habeas corpus*, even though he might secure the same relief on appeal.

**Same—Forgery—Instrument Without Apparent Legal Validity.**

2. To constitute forgery, the instrument, alleged to have been forged, must be one which, if genuine, would have legal validity; hence, if an instrument, though falsely made, shows upon its face that it has no legal validity, it cannot be made the basis of a charge of forgery.

**Officers—Limit of Powers.**

3. The limit of the powers of a public officer, when acting in a ministerial capacity, is the statute conferring them, and such powers as are necessarily implied to effectuate those expressly conferred.

**Same—Ministerial Duties—Statutes—Discretion.**

4. Where the mode of performance of ministerial duties, expressly enjoined, is prescribed, no further power is implied, and the officer has no discretionary power with reference thereto, but must strictly pursue the statute.

**Clerk of District Court—Seal—Mandatory Statutes.**

5. The provisions of section 4645 of the Political Code, prescribing, among other things, that the clerk of the district court when issuing jurors' certificates, must impress his seal upon them, are mandatory, as are also those of section 4350, relative to how county moneys must be disbursed by the county treasurer.

**Criminal Law—Forgery—Void Instrument—Seal—*Habeas Corpus*.**

6. Complainant was convicted under an information charging that, while acting as deputy clerk of the district court, he forged a juror's certificate. The certificate did not bear the seal required by section 4645 of the Political Code. *Held*, on application for writ of *habeas corpus*, that, section 4645 being mandatory and not directory merely, the certificate in the absence of the seal did not constitute a legal liability against the county but was void on its face, that, therefore, a charge of forgery could not be predicated upon it, and that complainant was entitled to his release from custody.

Original Application on behalf of William P. Farrell, convicted of the crime of forgery, for writ of *habeas corpus*. Complainant ordered released from custody.

*Mr. Jesse B. Roote, Mr. Peter Breen,* and *Mr. A. C. McDaniel,* for Complainant.

The requirement found in section 4645 of the Political Code that the juror's certificate must be under seal is mandatory, and without the seal the certificate is void. Mandatory statutes are imperative; they must be strictly pursued; otherwise the proceeding which is taken ostensibly by virtue thereof will be void. Compliance therewith, substantially, is a condition precedent; that is, the validity of acts done under a mandatory statute depends upon a compliance with its requirements. (Sutherland on Statutory Construction, sec. 454; *Bingham*

*County* v. *First Nat. Bank,* 122 Fed. 16, 58 C. C. A. 332.) The special powers given to officers must be exercised with strict, substantial adherence to all directions of the statute. (Sutherland on Statutory Construction, sec. 456; *Raymond* v. *People,* 2 Colo. App. 329, 30 Pac. 504-508.) Where warrants on a county treasurer are required by statute to be sealed, no warrant is a genuine county warrant which is not so sealed. (*Smeltzer* v. *White,* 92 U. S. (2 Otto) 390, 23 L. Ed. 508; *Prescott* v. *Gonszer,* 34 Iowa, 178; *Springer* v. *Clay County,* 35 Iowa, 243; *Bingham County* v. *First Nat. Bank,* 122 Fed. 23, 58 C. C. A. 332. See, also, the following cases: *Lockwood* v. *Gehlert,* 127 N. Y. 241, 27 N. E. 812; *Reed* v. *Morse,* 51 Kan. 141, 32 Pac. 900; *Frankhouser* v. *Dewitt,* 9 Kan. App. 636, 58 Pac. 1027; *Gordon* v. *Bodwell,* 59 Kan. 51, 68 Am. St. Rep. 341, 51 Pac. 906; *Gates* v. *Brown,* 1 Wash. 470, 25 Pac. 914; *Hendrix* v. *Boggs,* 15 Neb. 469, 20 N. W. 28; *Sullivan* v. *Merriman,* 16 Neb. 157, 20 N. W. 118; *Marshall S. Min. Co.* v. *Kirtley,* 8 Colo. 108, 5 Pac. 649; *Gates* v. *People,* 11 Colo. 292, 17 Pac. 783; *Reed* v. *Gates,* 11 Colo. 527, 19 Pac. 464; *State* v. *Smith,* 101 Mo. 174, 14 S. W. 108; *Reeve* v. *City of Oshkosh,* 33 Wis. 477; *Choate* v. *Spencer,* 13 Mont. 127, 40 Am. St. Rep. 425, 32 Pac. 651, 20 L. R. A. 424; *Kipp* v. *Burton,* 29 Mont. 99, 101 Am. St. Rep. 544, 74 Pac. 85, 63 L. R. A. 325.)

An instrument that is void on its face cannot be the subject of forgery. (*In re Tully,* 20 Fed. 812; *State* v. *Evans,* 15 Mont. 539, 48 Am. St. Rep. 701, 39 Pac. 850, 28 L. R. A. 127; *State* v. *Brett,* 16 Mont. 360, 40 Pac. 873; *Commonwealth* v. *Baldwin,* 11 Gray, 197, 71 Am. Dec. 703; *People* v. *Parker,* 114 Mich. 442, 72 N. W. 250; *State* v. *Peirce,* 8 Iowa, 231-235; *Roode* v. *State,* 5 Neb. 174, 25 Am. Rep. 475; *State* v. *Van Hart,* 17 N. J. L. 327; *People* v. *Heed,* 1 Idaho, 531; *State* v. *Wheeler,* 19 Minn. 98; 2 Bishop's Criminal Law, sec. 503; *Territory* v. *Delana,* 3 Okla. 573, 41 Pac. 618; *People* v. *Parker,* 114 Mich. 442, 72 N. W. 250.) Trial and sentence for an act which is not a crime are absolutely void, and a person under custody under such trial will be discharged on *habeas corpus*,

(*Ex parte Kearny,* 55 Cal. 212; *Matter of Maguire,* 57 Cal. 609, 40 Am. Rep. 125; *Ex parte Hollis,* 59 Cal. 407; *Ex parte McNulty,* 77 Cal. 164, 11 Am. St. Rep. 257, 19 Pac. 237; *Ex parte Maier,* 103 Cal. 479, 42 Am. St. Rep. 130, 37 Pac. 402.)

*Mr. Albert J. Galen,* Attorney General, and *Mr. John G. Brown,* Assistant Attorney General, for the State.

Under *State* v. *Brett,* 16 Mont. 360, 40 Pac. 873, and *In re Terrett,* 34 Mont. 325, 86 Pac. 266, the contention that to constitute forgery the juror's warrant must have been under the seal of the court, is not tenable. The absence of the seal does not deprive the juror of his right to hold the warrant as an evidence of indebtedness. The treasurer might refuse to pay it until such time as the holder supplied this deficiency, but, so far as the paper is concerned itself, it is an evidence of indebtedness, and possesses the same apparent legal efficacy. Possessing this, it is sufficient to make it the subject of forgery. (19 Cyc. 1379-1381.)

Even if the warrant failed in some of the details required, it was made by him with intent to defraud, and purports to have been made by an officer authorized to make it. (*State* v. *Tompkins,* 71 Mo. 616; *People* v. *Bibby,* 91 Cal. 470, 27 Pac. 781; *King* v. *State,* 43 Fla. 211, 31 South. 254.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

On December 1, 1906, the complainant, having theretofore been tried and found guilty of forgery under each of two informations presented against him by the county attorney of Silver Bow county, was condemned to serve successive terms of fourteen years each, at hard labor in the state prison, the second term to begin at the expiration of the first. For execution of the judgments he was committed to the custody of the sheriff, who now detains him in the county jail pending appeals to this court, the presiding judge having certified that there is probable cause therefor. It is alleged that this de-

tention is illegal, in that the acts charged in the informations do not constitute forgery under the statute, and hence that the district court was without jurisdiction to try the complainant.

The informations were drawn under section 840 of the Penal Code, which provides: "Every person who with intent to defraud another falsely makes, alters, forges or counterfeits any charter, letters patent, deed, lease, indenture, etc.,   *   *   * or any auditor's warrant for the payment of money at the treasury, county order or warrant, or request for the payment of money, etc.,   *   *   *   is guilty of forgery."

At the time the alleged offenses occurred the complainant was chief deputy clerk of the district court. Following allegations of venue, etc., it is alleged in the first information that the said "William P. Farrell in his official capacity as such chief deputy clerk did willfully, unlawfully, feloniously, intentionally, fraudulently and knowingly make, forge, utter, pass, and publish as true and genuine to the treasurer of Silver Bow county, a public corporation existing under the laws of the state of Montana, a certain writing on paper and juror's certificate of the tenor and effect as follows, to wit:

"To the Treasurer of Silver Bow County, Montana,

"No. 3,065.                    Butte, Montana, 3/22, 1905.

"I certify that the party named herein has served 19 days (57.00) as juror, and that he has traveled —— miles for which you will pay to J. P. Sullivan ——or order fifty seven & no/100 Dollars, the amount due him out of any money belonging to the General Fund.

"WILLIAM E. DAVIES,

"Clerk Second Judicial District Court.

"By W. P. FARRELL, Deputy.

"Presented and registered ——— 190——.

"Not paid for want of funds.

"———————, Treasurer.

"By ——————, Deputy."

—which said juror's certificate and instrument in writing was then and there forged, fraudulent, false and counterfeited, and

the said defendant well knew the said juror's certificate and instrument in writing was fraudulent, false, and counterfeit," etc. The writing set forth in the second information is the same, except as to the number, date, amount, the name of the person to whom it purports to have been issued, and that it appears to have been assigned to one Danzer.

It will be observed that the writings referred to have not impressed upon them the seal of the court, and upon this fact the complainant bases the contention, made in this court, that they are void, and hence do not support a charge of forgery. If this contention can be maintained, the complainant is entitled to his release; for, as was said in *Ex parte Kearny*, 55 Cal. 212, at page 228: "This is not the case of a complaint inartificially drawn, which intimates the existence of the facts necessary to the constitution of the offense, or even of an attempted statement, insufficient, but indicating a purpose to declare on the essential facts. It is a total failure to allege any cause of action, and, however objectionable the conduct imputed to the petitioner, he is no more, in the eye of the law, charged by the complaint with any crime than if the paper had ascribed to him the most innocent of deeds."

If it were a case of a defective information only, it might well be contended, as the attorney general contends here, that the district court had jurisdiction, and that this court should require the complainant to seek relief through the medium of his appeals. But if an information states facts which do not constitute any crime known to the law, or undertakes to state such an offense, but the facts stated do not constitute the offense, and no addition to them, however full and complete, can supply what is essential, then the court is without jurisdiction to put the complainant on trial. In such case the judgment cannot be corrected. It is simply void. Imprisonment under execution thereon is illegal, and the complainant is entitled to his release, even though he might secure the same relief on appeal. (*State* v. *District Court*, 35 Mont. 321, 89 Pac. 63.)

This court in *State* v. *Evans,* 15 Mont. 539, 48 Am. St. Rep. 701, 39 Pac. 850, 28 L. R. A. 127, held that, to constitute forgery, the false instrument must be one which, if genuine, would have legal validity. This rule we find laid down by the authorities generally. (1 Wharton's Criminal Law, sec. 680; 2 Bishop's Criminal Law, secs. 523, 524.) If, therefore, an instrument be such that, though falsely made, it has no legal validity, and this is apparent from the face of it, it is not the subject of forgery. The attorney general does not controvert the correctness of this proposition, but insists that the writing set out in the information purports to be, and is on its face, a valid charge against the county of Silver Bow, which the treasurer can be compelled to pay, even though the complainant failed to impress upon it the seal of the district court. The solution of this question depends upon the proper construction of the following provisions of the Political Code:

"Sec. 4645. The clerk must give to each juror at the time he is excused from further service a certificate taken from a book containing a stub with a like designation, signed by himself under seal, in which must be stated the name of the juror, the number of days' attendance, the number of miles traveled and the amount due, and on presentation of such certificate to the county treasurer the amount specified in the certificate must be paid out of the general fund, and the clerk must make a detailed statement containing a list of the jurors, the amount of fees and mileage earned by each, and file the same with the clerk of the board of county commissioners on the first day of every regular meeting of the board, and no quarterly salary must be paid the clerk until such statement is filed. The board must examine such statement and see that it is correct. The clerk must keep a record of the attendance of jurors and compute the amount due for mileage, and the distance from any point to the county seat must be determined by the shortest traveled route."

"Sec. 4350. The county treasurer must: * * * 5. Disburse the county moneys only on county warrants issued by the

county clerk, based on orders of the board of county commissioners, or as otherwise provided by law."

Is section 4645 directory merely or mandatory? The same rule of construction applies to the one section as to the other. The first not only prescribes the duty of the clerk in the matter of keeping correct accounts of the attendance of jurors, their mileage, etc., but also prescribes the mode of their payment, and the evidence upon which it must be made. The second declares how the moneys of the county must be disbursed. Since the payment of jurors' fees, etc., is not made on county warrants issued in the regular way, the mode prescribed in section 4645, *supra*, is the mode "otherwise provided by law" for their payment. The use of the word "only" in section 4350 limits the power of the treasurer to pay out the money of the county, both as to the amount and the precedent conditions of payment. He must not pay it out at all except upon county warrants issued as directed, or, in case of jurors' fees, etc., upon a certificate issued by the clerk of the district court, as directed in section 4645. Section 4350 is therefore mandatory. So section 4645 is mandatory, both as to the duty of the clerk and of the treasurer; for the word "must" indicates that the duty of the clerk becomes imperative as soon as a juror is entitled to his pay. It also indicates that the duty of the treasurer is imperative as soon as a certificate, properly issued by the district court clerk, is presented to him. Since he cannot act at all until the proper demand is made upon him, and since the juror is entitled to his fees upon his discharge, it is certainly mandatory upon the clerk, not only to issue a certificate, but such a certificate as the law prescribes in order to effectuate payment to the juror.

The payment of jurors is thus lodged by the law in these two officers, without the intervention of any discretionary board or officer. The clerk ascertains and declares, under his hand and seal, that the precedent conditions of service have been fulfilled. Upon his certificate, duly executed, and upon this alone may payment be made. These officers act in this connection

entirely in a ministerial capacity. No discretion is lodged in them. In all such cases their authority is the command of the statute, and it is the limit of their power. The treasurer cannot act until the clerk has performed his duty. . The clerk must, therefore, perform his duty in the way prescribed. If the latter issues false certificates, he violates his duty. If the former pays upon any other demand than that prescribed, he does the like.

It may be laid down as a general principle that the limit of the power of a public officer is the statute conferring the power, and what further power is necessarily implied in order to effectuate that which is expressly conferred. In the performance of ministerial duties expressly enjoined, however, when the mode of performance is prescribed, no further power is implied, nor has the officer any discretion. He must strictly pursue the statute. (Throop on Public Officers, sec. 556; Sutherland on Statutory Construction, secs. 454-456.)

These considerations, it seems to us, furnish ample ground for the conclusion that the certificates or orders in question are of no actual or apparent legal validity, and that, though the purpose of the complainant was to perpetrate a fraud by means of them, the making of them was not forgery.

The exact question here presented is a new one in this jurisdiction. This court, however, has considered analogous questions, and has held such statutes to be mandatory. In *Choate* v. *Spencer*, 13 Mont. 127, 40 Am. St. Rep. 425, 32 Pac. 651, 20 L. R. A. 424—an action to quiet title to certain real estate— the defendant claimed title under an execution sale. The execution had been issued upon a judgment entered on default. Summons in the case had been issued without the seal of the court. It was held that the summons—the jurisdictional writ —under the statute in this state requiring it to bear the seal of the court, was void because it did not bear the seal. In the later case of *Sharman* v. *Huot*, 20 Mont. 555, 63 Am. St. Rep. 645, 52 Pac. 558, the question involved was whether a summons issued without the signature of the clerk was void, or

voidable only, and, therefore, susceptible of amendment so as to support an attachment, the statute permitting the issuance of an attachment at the time of issuing the summons, or at any other time thereafter. It was held that the statute (Code Civ. Proc., sec. 632) prescribing the requirements of a summons is mandatory, and that, without the signature of the clerk, a fundamental part of the process—the summons—was void, and would not support the attachment. These cases, while not directly in point upon the facts here involved, are entirely so in principle. A summons is a jurisdictional writ. It is the only method by which the court can obtain jurisdiction of the defendant. Without it the court cannot lawfully and effectively proceed. So, here, the treasurer cannot act without the certificate of the clerk, and a certificate under his hand and seal, both the one and the other, is the only evidence upon which the treasurer may lawfully proceed.

It is true that in *Kipp* v. *Burton,* 29 Mont. 96, 101 Am. St. Rep. 544, 74 Pac. 85, 63 L. R. A. 325, it was ruled that an execution issued without the seal of the court was voidable only, and therefore amendable so as to support a sale of real estate thereunder. The theory of that case was that, the execution not being a jurisdictional writ but merely serving the purpose of carrying into effect the judgment in the case after the parties had had their day in court, the defect in it, caused by the omission of the clerk, fell within the purview of the statute providing for amendments (Code Civ. Proc., sec. 774); notwithstanding the language directing or requiring the execution to bear the impress of the seal is in terms mandatory. This case in nowise impairs the authority of *Choate* v. *Spencer* and *Sharman* v. *Huot, supra.* Any doubt as to the correctness in any of these decisions must attach to the case of *Kipp* v. *Burton* rather than to either of the others.

The courts of other states and the federal courts have frequently decided the same or analogous questions. In Iowa a statute provided that each county should have a seal. In prescribing the duties of the county treasurer it declared: "It

is the duty of the treasurer to receive all money payable to the county and to disburse the same on warrants drawn and signed by the clerk of the board of supervisors, and sealed with the county seal and not otherwise." In *Prescott* v. *Gonser*, 34 Iowa, 175, and in *Springer* v. *County of Clay*, 35 Iowa, 241, there was drawn in question the validity of certain county warrants of the county of Clay in that state, from which the impression of the county seal had been omitted. It was held that they were not a valid charge against the county, because the requirement of the statute had not been complied with in issuing them.

The charter of the city of St. Louis, Missouri, among other things, prohibited the auditor of the city from auditing any claim against the city unless presented "in proper and fully itemized form." An account for a gross sum for current expenses of the police department was presented to the auditor of the city, which he refused to audit and allow. On application for *mandamus*, to compel him to audit the account and issue a voucher, it was held that the provision of the charter was the limit of his authority to act, and that he could not be compelled to go beyond it. (*State ex rel. Francis* v. *Smith*, 89 Mo. 408, 14 S. W. 557.)

In *McCormick* v. *Bay City*, 23 Mich. 457, it was declared that the city treasurer was not entitled to credit for any moneys of the city paid out, except upon warrants regularly drawn in accordance with the provisions of the charter.

In *Reeve et al.* v. *City of Oshkosh*, 33 Wis. 477, it was declared that a provision of the charter of the city requiring all orders drawn upon the treasury to specify the purpose for which they were drawn was mandatory, and that orders drawn without a compliance with this requirement were not a valid charge against the city.

*Bingham County* v. *First Nat. Bank*, 122 Fed. 16, 58 C. C. A. 332, was an action brought by the bank against the county to recover a judgment on warrants issued by order of the commissioners of the county, which failed to distinctly specify on their face the liability for which they were drawn and when it

accrued. The statute (Idaho Rev. Stats. 1887, sec. 2006) requires this to be done. A recovery was had in the district court; but on error to the circuit court of appeals the statute was held to be mandatory, and that the warrants drawn in violation of it would not support an action against the county.

In *Raymond et al.* v. *People,* 2 Colo. App. 329, 30 Pac. 504, the defendants were convicted of forgery of a warrant of the city of Denver. The alleged forgery consisted in the alteration of a warrant drawn for $3.50 so as to make it appear to have been drawn for $303.50. The charter of the city provided that every warrant for the payment of money should show on its face the purpose for which it was drawn. The question was whether the fraudulent alteration of the warrant, not drawn in conformity with the charter requirements, was forgery. After a review of the authorities, the conclusion was announced that the warrant was void, and hence that a conviction for forgery could not be sustained. The court said that no duty or liability was created against the city of Denver by this warrant, not even to the extent of $3.50; that no action at law would lie upon it; that no court of equity would enforce payment for it; and that no city treasurer would be obligated to recognize it, but, on the contrary, this officer was positively prohibited from paying it.

In *Smeltzer* v. *White,* 92 U. S. 390, 23 L. Ed. 508, the defendant in error had sued the plaintiff in error to recover upon a guaranty of county warrants issued by a county in Iowa, but without the county seal. The guaranty was to the effect that the warrants had been regularly issued and were genuine, and the contention was made that they were genuine, even though they did not bear the impress of the county seal. The court after referring to the statute of Iowa touching the duty of the auditor to issue warrants under seal, and prohibiting the treasurer to pay them unless so drawn, disposed of this contention by saying: "It is too clear, therefore, for debate, that the genuineness and regularity of issue of county warrants can exist only in cases when the warrants are sealed with the county

seal; and so it has been decided by the supreme court of Iowa substantially, both in *Prescott* v. *Gonser*, 34 Iowa, 178, and in *Springer* v. *County of Clay*, 35 Iowa, 243.'' The following cases are more or less directly in point: *Argenti* v. *City of San Francisco*, 16 Cal. 256; *Lockwood* v. *Gehlert*, 127 N. Y. 241, 27 N. E. 812; *Sullivan* v. *Merriam*, 16 Neb. 157, 20 N. W. 118; *Glidden* v. *Hopkins*, 47 Ill. 525; *Gates* v. *People*, 11 Colo. 292, 17 Pac. 783; *City of Leavenworth* v. *Rankin*, 2 Kan. 357; *Weaver* v: *Cherry*, 8 Ohio St. 565. No case announcing a contrary doctrine has been called to our attention. No distinction can be made between county or city warrants and certificates such as the clerk is required to issue under the statute.

Since the statute must be held to be mandatory, the result must necessarily follow that the certificates or orders for the alleged forgeries of which the complainant was convicted cannot be made the basis of legal liability against the county; and since they cannot be made the basis of legal liability, they must necessarily be of no legal effect, and therefore void. A charge of forgery, therefore, cannot be predicated upon one of them, otherwise in proper form, which does not bear the seal, though the recitals in it are wholly false.

The attorney general has cited the case of *In re Terrett*, 34 Mont. 325, 86 Pac. 266, and insists that this case falls within the principle of that case. There is, however, a clear distinction between the two. In the *Terrett Case* the instrument alleged to have been forged appeared upon its face to be genuine, and would have furnished a basis for a valid charge against the state, if the precedent conditions, which were falsely recited on the face of it, had been fulfilled. As a matter of fact they had not been fulfilled, and this court held that the making of these false recitals, in order to manufacture the instrument which was apparently the basis of a valid charge against the state, was forgery. In this case the certificate shows upon its face, by the absence of the impression of the seal of the district court, that it is of no validity whatever.

We are not here concerned with the question whether the complainant is chargeable with any other crime. In so far as his detention is sought to be justified by process issued upon the judgments sentencing him to punishment for forgery, he is entitled to his release. It is accordingly ordered that he be released from custody.

MR. JUSTICE HOLLOWAY and MR. JUSTICE SMITH concur.

