ZIELDA FORSEE INVESTMENT COMPANY, Respondent, v. PHOENIX BRICK & CONSTRUCTION COMPANY, Appellant.

**Kansas City Court of Appeals, May 7, 1910.**

1. MUNICIPAL CORPORATIONS: Taxbills: Grading: Commissioners to Ascertain Damages. Although in condemnation proceedings the statutory requirements for acquiring jurisdiction must be strictly construed, yet where the court has jurisdiction of the parties and the subject-matter in a condemnation proceeding the judgment is not subject to collateral attack, though erroneous on its merits or irregular in its form.

2. `———: ———: ———. Where private property is sought to be taken against the will of the owner under statutory authority all the statutory requirements must be fully and strictly complied with.

3. ———: ———: ———. Where the law requires that before a street shall be graded the damages of the abutting property-owners shall first be assessed, the failure of the abutting property-owners to file claims does not authorize the court to enter an order precluding them from such damages and dispensing with the appointment of commissioners for the ascertainment thereof; and taxbills issued for the grading of such a street are invalid.

Appeal from Buchanan Circuit Court.—*Hon. C. A. Mosman,* Judge.

AFFIRMED.

*Charles F. Strop* and *Eugene Silverman* for appellant.

(1) The action of the court in the grading proceedings was proper. No person claimed damages and there was no necessity or even propriety in appointing commissioners. Sec. 5670, Mo. Annotated Stat. 1906. (2) The record shows that in the grading proceedings the court had jurisdiction of the subject-matter and of

the parties; of the subject-matter by the certified copy of the ordinance and plat filed, of the parties by the order of publication. The judgment entered stands unreversed and unappealed from. If the action of the court in failing to appoint commissioners was improper, it was but an irregularity or error in the conduct of those proceedings, and could have been raised only by appeal or direct proceeding and not in this action. Burke v. Kansas City, 118 Mo. 309; State v. Miller, 110 Mo. App. 542; Lovitt v. Russell, 138 Mo. 474; Union Depot Co. v. Frederick, 117 Mo. 151; Secombe v. Railway, 23 Wall. 108, 23 L. Ed. 69; Railroad v. Pound, 22 Ill. 399; Tuller v. Detroit, 97 Mich. 597; Railroad v. Railway (Va.), 40 S. E. 20; Choate v. Railway, 39 So. 218; Black on Judgments, secs. 245, 261.

*Eastin & Corby* for respondent.

In proceedings of this kind, where the method of procedure is summary, the statute which gives the remedy must be strictly pursued. Compliance with every essential prerequisite must not only be had, but must affirmatively appear on the face of the proceedings or else they will be possessed of no validity whatever. And this doctrine obtains in courts of general as well as in courts of limited jurisdiction. These summary and statutory proceedings are in derogation of the common law and common right, and should be confined within the precise boundaries laid down by the statute which gives origin to such extraordinary remedies. Cunningham v. Railroad, 61 Mo. 35; Railroad v. Campbell, 62 Mo. 588; Ellis v. Railroad, 51 Mo. 203; Whitney v. Platte Co., 73 Mo. 31; Drainage District v. Campbell, 154 Mo. 157; Wire v. Laring, 54 Mo. App. 264; Fore v. Hoke, 48 Mo. App. 259; Anderson v. Pemberton, 89 Mo. 64; Railway v. Lewright, 113 Mo. 666; Gates v. Crandall, 132 Mo. App. 419; Williams v. Kirby, 169 Mo. 628; In re Bledsoe Hill, 200 Mo. 642.

*Charles F. Strop* and *Eugene Silverman,* for appellant, on motion for rehearing.

(1) The decision of this court holding the judgment rendered in the grading proceedings subject to collateral attack is contrary to the settled law of the State. Wilhite v. Wolf, 179 Mo. 472; Burke v. Kansas, 118 Mo. 309; State v. Miller, 110 Mo. App. 542; Lovitt v. Russell, 138 Mo. 474; Union Depot Company v. Frederick, 117 Mo. 151. (2) The court misconceived the meaning of the term "subject-matter," as applied to jurisdiction of courts. By jurisdiction of the subject-matter is meant the power to hear cases of the kind and class of the one presented to the court; the term has no reference to acts done in the particular case upon hearing. Hope v. Blair, 105 Mo. 93; Hughes v. Cuming, 165 N. Y. 95; State v. Wolever, 127 Ind. 306; Freeman on Judgments (3 Ed.), sec. 119; Black on Judgments, sec. 240.

BROADDUS, P. J.—This is a suit to cancel certain taxbills issued as a lien against certain real estate of the plaintiff's situated in the city of St. Joseph, a city of the second class. The taxbills were issued in part payment of the work of grading Twenty-second street. The petition describes the land owned by plaintiff against which the taxbills were issued, the passage of the ordinance for the grading of the street by the common council of the city, the execution of the contract for the work by the defendant and the issuing of the taxbills and their delivery. It is alleged that the taxbills are void by reason of certain defects in the proceedings before the circuit court of Buchanan county, which were authorized under sections 5664 to 5667, of the Revised Statutes of Missouri 1899, for the assessments of benefits and damages to landowners; that the price was so exorbitant as to be fraudulent; and that the assessment of the cost of the work was

erroneous.    Other objections were made but we under-
stand they were not inquired into on the trial.

The answer admitted the passage of the ordinance,
the execution of the contract and the issuing of the tax-
bills, but denied all the other allegations of the petition.
By way of cross-bill the defendant alleged the validity
of the taxbills and asked for judgment thereon.

The charter of the city of St. Joseph provides that
before any grading shall be done upon the streets or
highways of the city, the mayor shall cause a certified
copy of the ordinance, providing for such grading, to
be filed in the circuit court of Buchanan county and
the damages and benefits to be ascertained as provided
by said sections of the statute.    The mayor caused a
certified copy of the ordinance to be filed and an order
of publication was made thereon and the cause was
regularly set for hearing.    At the return day, no claim
for damages having been filed by any of the landowners,
the court authorized the city to proceed with said
grading and decreed, "that all persons owning prop-
erty abutting upon said street, within the limits of said
proposed grading, be and the same are hereby precluded
from making any claim for damages on account there-
of, and that the costs of the proceedings be taxed against
the city of St. Joseph."

The contention of plaintiff is that the proceedings
were void for the failure of the court to appoint com-
missioners to assess benefits and damages to abutting
landowners.    Section 5665 was amended so as to make
it read as follows:

"No street, alley or other public place in any city
of the second class shall be graded so as to change the
existing grade thereof, unless the property-owners to
be affected thereby petition therefor and waive all
claim to damages on account thereof, or unless such
damages shall be first ascertained and paid as herein-
after provided, and any special taxbills issued for grad-

ing in violation of this law shall be void." Session Acts, 1903, p. 74.

Section 5670, providing for the ascertaining of damages reads as follows:

"When the mayor or other city officer shall file a certified copy of said ordinance in the circuit court or with the clerk thereof, such court or judge thereof shall fix a day and place for assessing the damages and benefits to arise from the proposed grading, and shall make an order reciting the ordinance, and said order shall be directed to all persons whom it may concern, without naming them, notifying them of the place and the day fixed for the ascertaining of the damages and benefits to arise from such grading. A copy of such order shall be published in each issue of some newspaper of general circulation printed and published in the city, for two successive weeks, the last insertion to be not more than one week prior to the date so fixed for said hearing; said cause may be continued or postponed from time to time. No notice of said proceedings shall be necessary except as herein provided, and proof of publication of such order may be made by the affidavit of any editor or person connected with the newspaper. On or before the day set for the hearing, any person claiming damages by reason of the proposed grading may file or cause to be filed with the clerk of said court a description of the property claimed to be damaged, and the interest of the claimant therein. The clerk shall note the filing of every such claim as a part of the record in said cause."

Section 5671 provides that:

"On the day set for the hearing, if the copy of the order has been duly published as herein required, the judge of court shall appoint and cause to be impaneled a board of six commissioners," etc.

Section 5672 defines the duties of the commissioners.

The defendant contends that as the court had jurisdiction of the subject-matter and of the parties the failure to appoint commissioners to assess damages and benefits was a mere irregularity, which could only be raised on appeal.

It is held that in a proceeding to condemn land for a street, where the court had jurisdiction of the subject-matter and the parties, the judgment is conclusive as to collateral attack although it may be erroneous on its merits, or irregular in its form. [Burke v. The City of Kansas, 118 Mo. 309.] And to the same effect is State v. Miller, 110 Mo. App. 542. And it is held in condemnation proceedings that: "While the statutory requirement in such proceeding for acquiring jurisdiction of the person and of the subject-matter must be strictly followed, yet when such jurisdiction is obtained, the judgment of condemnation imports the same verity, and is no more subject to collateral attack then is a matter of general jurisdiction." [Union Depot Co. v. Frederick, 117 Mo. 138.]

We gather from what the courts have said in the cases cited that when the court acquires jurisdiction of the subject-matter and the parties its judgment is not subject to collateral attack, for mere irregularities in the proceedings. And this is the general and accepted rule.

The statute as we have seen prohibits the changing of the existing grade of a street except upon two contingencies, *viz.*: That the property-owners petition therefor and relinquish claims for damages; or that the damages shall be ascertained by commissioners appointed by the court. In order to obtain complete jurisdiction of the subject-matter it was necessary after the filing of the ordinance and its publication and fixing a day for a hearing, for the court to have appointed commissioners to ascertain benefits and assess damages to abutting property-owners. Until this was done the

court was not authorized to render a judgment of any kind.

In a late case the Supreme Court has said: "It has been the uniform expression of this court that where private property is sought to be taken against the will of the owner under statutory authority all the statutory requirements must be fully and strictly complied with." [In re Bledsoe Hill, 200 Mo. l. c. 642.]

The statute unqualifiedly prohibits change in the grade of a street against the will of the abutting owner unless his damages have been assessed. The judgment of the court is void for the reason that the statute was not complied with. It cannot be said the pretended judgment in fact was any judgment. The only authority the court had was to appoint commissioners and enter judgment upon their report as ascertaining benefits and assessing damages to abutting property-owners. This authority the court did not exercise, but assumed the authority of entering judgment precluding abutting owners from making any claim for damages to their property in violation of the express provision of the statute. The court not having complied with the requisition of the statute all the proceedings were void. To uphold the proceedings would operate to nullify the statute. As what has been said goes to the validity of the entire proceedings it is unnecessary to notice other questions raised. Affirmed. All concur.