## HEMAN v. SCHULTE et al., Appellants.

### Division One, January 13, 1902.

1. **Benefit Assessment Without Benefit.** It can not be held as an inflexible rule of law that benefit assessments for local improvements can be levied only for special benefits conferred. Individual hardships will be entailed in the working out of any general system of taxation. So in this cause, where the point came up in a collateral proceeding, the court refuses to hold that a local assessment for a sewer is void on the ground that the property against which the tax is assessed can not be reached by the sewer pipes except by passing through intervening private property.

2. ————: COLLATERAL ATTACK: MUNICIPAL POWER: FRAUD: PLEADING. Where a municipal assembly is vested with the power to pass an ordinance for the construction of a sewer and the creation of a sewer district, and the issuing of special tax assessments on the sewer property within the district to pay for the same, its acts under that power, in the absence of fraud, are conclusive upon the courts, whether the attack made thereon be collateral or direct. And the fraud that will authorize the courts to interfere is not that the ordinance has resulted in an individual hardship to certain owners of property in the sewer district, but that the act of the municipal body is unreasonable, oppressive, or subversive of the right of the citizen in the general purpose declared. Hence, where suit is brought on a special taxbill the ordinance will not be held invalid if no fraud is pleaded. Nor can its invalidity be declared in such a proceeding even if fraud is pleaded, because that is a collateral proceeding.

3. ————: SEWER DISTRICT: CONSTITUTION: DRAINS AND DITCHES: JUDICIAL QUESTIONS. Section 20, article 2, of the Constitution, declaring that private property can not be taken for ditches and drains, or other sanitary purposes, and that whether the contemplated use be really public shall be a judicial question, is intended to regulate the right of eminent domain, and has no application to a special taxbill to pay for the construction of a sewer. That is referable to the taxing power.

Appeal from St. Louis City Circuit Court.—*Hon. P. R. Flitcraft,* Judge.

AFFIRMED.

*W. B. & Ford W. Thompson* for appellants.

(1) Local or special assessments for the construction of drains and sewers can not be levied upon property which does not abut upon the line of the sewer, and which can not connect with such drain or sewer except through private property. Gilmore v. Hentig, 33 Kan. 156; Beechwood Avenue Sewer, First Appeal, 169 Pa. St. 490; Park Avenue Sewer, 179 Pa. St. 433; Pittman v. Reading City, 179 Pa. St. 375; Welty on Assessments, sec. 311a. (2) Special taxes can only be levied for special benefits which are conferred upon the property of individuals, and not for those general and common benefits which are received and shared in by the members of the community at large. To levy a special tax upon the property of a particular individual for general revenue purposes is not an exercise of taxing power, but an act of confiscation. McCormick v. Patchin, 53 Mo. 33; Gilmore v. Hentig, 33 Kan. 156; Hammett v. Philadelphia, 65 Pa. St. 146; Tidewater Co. v. Coster, 18 N. J. Eq. 518; Dyer v. Farmington Village Corp., 70 Me. 518. (3) In support of the principle that those only who abut upon the sewer can be specially assessed for the cost of its construction, no matter by what method the tax be apportioned, appellants further call the court's attention to the following authorities, in addition to those already referred to, all of which involve cases similar or analogous to the one before the court: King v. Reed, 43 N. J. L. 192; People v. Brooklyn, 23 Barb. 126; State v. Elizabeth, 11 Vroom 274; Johnson v. Duer, 115 Mo. 366.

*Hickman P. Rodgers* for respondent.

(1) The city of St. Louis is empowered to establish the limits of a sewer district, and to assess all the lots of ground within such limits to defray the cost of construction of sewers in such district. Charter, city of St. Louis, art 6, sec. 22;

R. S. 1899, p. 2513.    (2)  (a) The power to levy assessments for local improvements is referable to the taxing power.   St. Joseph v. Farrell, 106 Mo. 437; Moberly v. Hogan, 131 Mo. 19.   (b) And if such power is exercised in the mode required by law, it is no defense of an action to enforce a special tax-bill, to say that such improvement is of no benefit to the property charged.   Keith v. Bingham, 100 Mo. 306.   (3) The assessment against defendant's property was a legislative act and is not reviewable by the courts.   Johnson v. Duer, 115 Mo. 376; Heman v. Allen, 156 Mo. 547; French v. Barber Asphalt Pav. Co., 181 U. S. 344.

ROBINSON, J.—This is an action by plaintiff, as original contractor, brought to enforce the payment of special taxes assessed against defendants' property for benefits arising from the construction of a sewer in what is known as "Warren Avenue Sewer District No. 6," constructed in pursuance of ordinances Nos. 17811 and 17812 of the city of St. Louis.

The special taxbill was issued by the president and board of public improvements on November 5, 1895, to the plaintiff under his contract with the city authorities, and is assessed against part of a lot owned by defendants, having a front of one hundred and twenty feet on the north line of St. Louis avenue, extending southwardly one hundred and sixty feet, bounded as follows: on the north by St. Louis avenue, on the east by Lambdin avenue, on the south by property owned by one Max Judd, and on the west by the property of one Cutter. The original lot of which defendant owns a part has been so divided that they own the north one hundred and sixty feet, and Max Judd the south part thereof, extending to the alley through which the sewer in question has been constructed.   To plaintiff's petition defendants filed the following answer:

"Now comes defendant in the above-entitled cause and for amended answer to plaintiff's petition state that they deny each and every allegation of said petition.   Wherefore defend-

ants, having fully answered, pray to be dismissed hence with their costs.

"And for further answer and defense to plaintiff's petition, defendants state that they are owners of part of lot No. 1 of city block No. 3690, having an aggregate front of one hundred and twenty feet on St. Louis avenue, by a depth of one hundred and sixty feet to private property of one Max Judd; they deny that the city of St. Louis by its charter was empowered to pass ordinance No. 17811, 17812, referred to in plaintiff's petition, and say that said ordinances, so far as they establish Warren Avenue Sewer District No. 6, including the property of defendant herein, are illegal and void in this, to-wit, that the said city of St. Louis had no authority under its charter to pass or approve of an ordinance including the property of defendants herein in a sewer district unless the sewer to be constructed in the said district was along public streets, alleys or places, or was along, upon or adjacent to property of the city of St. Louis condemned for the use of public streets, alleys or public places, or for the uses of said sewer; and defendants aver that the said sewer district described in the said ordinances and so established did not abut or adjoin the property of the defendants herein; and defendants say that the said sewer district so established was along property owned by one Max Judd, which abutted and adjoined the property of the defendants herein, so that the defendants herein could not connect with or have the use of said sewer, or any portion or part of said sewer district so established by the said ordinances.

"Therefore defendants say that the said ordinances are void and the tax levied and assessed under the said ordinances against the property of the defendants herein is an attempt to take the private property of defendants herein for an alleged public use, in violation of section 20 of article 2 of the Constitution of this State, and to deprive the defendants herein of their property without due process of law, in violation of sec-

tion 30 of article 2 of the Constitution of the State of Missouri, and, of article 14 of the amendments of the Constitution of the United States. And defendants further aver that the taxbill issued under and in pursuance of the said ordinances, is void and of no effect, because the said sewer so constructed under the said taxbill and contract, and by virtue of said ordinances, did not adjoin, abut, or connect with the property of defendants herein nor could the defendants herein connect with or enjoy the said sewer or any of the rights or privileges therein, in any manner whatsoever, and the ordinances creating the said district, so far as the same permitted any tax to be levied against these defendants, or their property, for the construction of said sewer, is in violation of the said sections 20 and 30 of article 2 of the Constitution of the State of Missouri and of article 14 of the amendments of the Constitution of the United States."

Thereupon plaintiff moved the court to strike out all that part of defendants' answer beginning with and following the words, "they deny that the city of St. Louis by its charter was empowered to pass ordinances," etc. Defendants' answer being stricken out by the court, they declined to plead further, but renewed their objection at the trial to any testimony being offered, and afterwards, in their motion for a new trial, made the point that the action of the court in striking out this answer was erroneous. Judgment was rendered in favor of plaintiff and defendants appeal. So that the only question present for determination on this appeal by the defendants now is, whether their answer, to the effect that though their property lies within the sewer district described, but not so as to be directly connected with the sewer, by reason of the intervening strip of private property owned by another, cutting off entirely defendants' connection with the alley through which the sewer is constructed, constitutes a valid defense to plaintiff's cause of action, founded upon the special taxbill charging that property

with its proportionate part of the cost of constructing the sewer in that district.

While parts of the answer stricken out are somewhat loosely drawn, and charge that the city has no power to do many things therein enumerated, it does not charge that those things were done or attempted to be done by the city, except that it erroneously assessed this property situated as to receive no benefit from the sewer as constructed. It does not allege that the sewer is laid out on or under private property or through a private alley, or that defendants' property is without the sewer district for which the assessment was made, or that on account of topographical conditions it would be impossible or impracticable to use the sewer. Nor is it alleged in the answer, nor is it contended for now by defendants on this appeal, that the city was wanting in authority to impose a special tax upon private property for the construction of the sewer and to determine who of these specially benefited shall bear the expense thereof, and in what proportion; or that the tax assessed was apportioned according to an unjust rule; but only that said ordinances Nos. 17811 and 17812, referred to in plaintiff's petition, in so far as they establish Warren Avenue Sewer District No. 6, including their property, situated as it is and was with an intervening strip of private property between it and the alley along which the sewer was constructed, are illegal and void.

Reduced to its last analysis, appellants' proposition and contention is simply this: that as their property is not specially benefited by the construction of the district sewer in question, on account of their inability to connect with it, except through intervening private property and over which they have no rights or control, it is not subject to the special assessment levied to pay for the construction of same. Or to use the language of appellant's argument, "Assessments for local improvements can be levied only for special benefits conferred."

Stated in the abstract, this may be the assertion of a cor-

rect proposition, but when considered in the concrete, many difficulties must arise to render it of little or no practical avail.    While all taxation, general as well as special, for that matter, is presumed to be for the benefit, directly or indirectly of the taxpayer or his property to be affected, and is predicated upon the sole idea of benefits conferred for the tax exacted, or the assessment imposed, we all must know that individual hardships will be entailed in the working out of this, as any universal system of governmental policy, that no amount of legislative wisdom or forethought can prevent, or judicial action defend against, and yet because of the fact the system is not to be repudiated or condemned, or the result of its operation arrested or annulled by judicial decree.

The only case cited from this State by appellants as supporting their contention, "that only those who can actually use a district sewer established can be assessed for its construction," is Johnson v. Duer, 115 Mo. 366, and of that case, it is only claimed to do so inferentially.    That case was a bill in equity by several property-owners of a sewer district established in Kansas City, on behalf of themselves and all others of the district, who may be interested against the contractor who constructed the sewer, and a trust company of Kansas City, who was holding the tax bill issued to the contractor, as collateral security, to have declared void the ordinances establishing the sewer district and the tax bills in virtue thereof, and that the cloud upon the real estate of plaintiffs created thereby might be removed.    One among the several reasons alleged in the petition of plaintiffs in the case, why the taxbill was void, was, "that the topography of the district is such that a large portion of the land and lots thereon can not be drained by said sewer, and the owners of such property can not make use of or have any benefit from said sewer and its laterals."  The writer of the opinion disposed of that contention, in these few words: "It is insisted that the topography of the district is such that a portion of the land and the lots therein can not be drained by

the sewer, and the owners of such property can not make use of it. A sufficient answer to this complaint is that these plaintiffs do not charge that their property can not be drained by the sewer, and they have no concern with the property of others." From the simple statement, "a sufficient answer to this complaint is that these plaintiffs do not charge that their property can not be drained by the sewer," made by way of an easy disposition of an erroneous assertion of the plaintiffs in the case, the appellants here would have the court in that case declaring as a rule of law (by implication it is true, they say) that if a plaintiff alleges and shows in an action to defeat a taxbill, that his property could not be drained by the sewer, as constructed, or that the sewer was of no use to him, the court would hold the taxbill issued in payment of same void; and upon that so-called declaration by implication, counsel have made a most pleasing argument upon the question of the requirements of local assessments, and of the underlying and foundation principles upon which they rest, and upon which their authority is predicated ("corresponding benefits for burdens imposed").

It would seem that the closing sentence in the very paragraph of the opinion cited by appellant, states an all-sufficient reason why the judgment in this case must be affirmed, and why their answer filed is unavailing against the taxbill in suit, regardless of the inference drawn from the preceding part thereof by them, to the effect that the city had no right to levy an assessment against property; so situated in the sewer district, that it can not use the sewer. That paragraph closes as follows: "Besides the matter of establishing sewer districts is intrusted by the Legislature to the common council, and its action is conclusive in a collateral attack." Thus it must be seen, that if we agree that appellant's property, because of its situation, should not have been included in the sewer district in question, or assessed to pay for the sewer on account of their

inability to connect with the sewer as constructed, and that the city authorities might, for that reason, have exempted it from the assessment levied to pay for said improvements, these facts would be unavailing to appellants in this character of an action, under the rule above announced, that where "the matter of establishing sewer districts is intrusted by the Legislature to the common council, its action is conclusive in a collateral attack."

Not only is it the rule in this State, as asserted above, "that when the matter of establishing sewer districts is intrusted by the Legislature to the common council, its action in the premises is conclusive in a collateral attack," but the rule generally stated is, that where a municipal body vested with the exercise of a power, acts, its acts under that power, in the absence of fraud, is conclusive upon the courts, whether the attack made thereon is collateral or direct, and the fraud that will authorize the court's interference in the matter of municipal action, is not that the power exercised or the ordinance passed has resulted in an individual hardship in its execution, or that in the working out of the general scheme designed by an ordinance an individual burden is imposed without a corresponding benefit conferred (a necessary incident to any system of general taxation or special assessment yet devised for governmental maintenance and support); but only in those cases when the act of the municipal body is so unreasonable, oppressive and subversive of the rights of the citizen in the general purpose declared, as to clearly indicate and leave but one inference, that of an attempted abuse rather than the legitimate use of a power enjoyed; and of this qualified and limited assertion of right in the courts to interfere with municipal legislation, much doubt is felt.

If, however, the court's right to interfere and grant relief, upon a proper showing of facts, against the arbitrary exercise of a discretionary power by the legislative body of a municipal-

Vol 166 mo—27

ity, be conceded as an unquestioned proposition, that would be of no concern to these defendants in the present action upon the taxbills in suit, for two reasons: first, because it is not charged in defendants' answer that the city authorities, in the exercise of their power of designating the boundaries of the sewer district in question, including the property of defendants therein, acted arbitrarily, corruptly, or in a manner to indicate an attempted abuse of power on its part; and, in the second place, its action could not be questioned in a collateral attack, had the charge of fraud and arbitrary action been made against the city authorities, in the matter of including this property in the sewer district in question, and in the issuance of the taxbill in suit, to pay for the sewer as constructed. However considered, defendants were not aggrieved by the action of the trial court in striking out the answer filed.

To that part of defendant's answer stricken out, wherein it is alleged, that "the tax levied and assessed under the said ordinances against the property of the defendants herein, is an attempt to take the private property of defendants for an alleged public use in violation of section 20 of article 2 of the Constitution of this State, and to deprive the defendants of their property without due process of law in violation of section 30 of article 2 of the Constitution of the State of Missouri, and of article 14 of the amendments of the Constitution of the United States," all that need be said at this time is, that it is the mere statement of a legal conclusion by the pleader, and not one of facts upon which the court is asked to apply its conclusion of the law. But independent of that consideration, it is difficult to see how the provisions of section 20 of article 2 of the Constitution of this State (which provides "that no private property can be taken for private use, with or without compensation, unless by the consent of the owner, except for private ways of necessity, and except for drains and ditches across the lands of others for agricultural and sanitary purposes, in such manner as may be prescribed by law; and that

wherever an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use be really public shall be a judicial question, and as such judicially determined, without regard to any legislative assertion that the use is public"), could in any way have been violated in the levy and assessment of the taxes in question, or of what application it could have to the proceedings.

That provision of the Constitution clearly refers to and is intended to regulate the right of eminent domain, whereas, special assessments for local improvements, such as we are now called upon to consider, are referable to and sustained under the taxing power solely. Wherein defendants have been denied due process of law, or wherein they have failed to receive the prescribed notice of the assessment in question, defendants' brief is as wanting of a definite suggestion as their answer is of a definite allegation, so we will presume that they have abandoned all claims of wrong on that account.

From what has here been said it follows that the trial court committed no error in striking out that part of defendant's answer above set out, and in rendering judgment for plaintiff upon the taxbill, and its judgment is therefore affirmed. All concur.