BELL F. LEMON, Respondent, v. CORA SHEPARD and E. E. SHEPARD, Her Husband, Appellants.

Kansas City Court of Appeals, May 4, 1914.

1. WARRANTY: Breach of: Tax Bills: Failure to Pay. The defendant conveyed land to plaintiff by warranty deed, but failed to pay a certain tax bill, which the plaintiff paid after the defendant had refused to pay it on the ground that it was void, and now the plaintiff seeks to recover the amount he paid. *Held*, the tax bill was void and defendants were guilty of no breach of warranty in refusing to pay it.

2. ———: ———: Municipal Corporations. A city council cannot by ordinance or otherwise bind itself to do more than the statute requires and where the council proceeds as directed by the statute, it will be within its jurisdiction, even though it may not proceed in compliance with its own ordinance, since it was never intended that the city council should be given control over its own jurisdiction.

3. ———: ———: ———. Where no method is prescribed by statute for cities of the third class for the letting of contracts to build sewers, and it selects a method it is bound to follow it in the manner and to the extent that would have been required had the statute in express terms made that method exclusive.

Appeal from Adair Circuit Court.—*Hon. Nat M. Shelton*, Judge.

REVERSED.

*Weatherby & Frank* for appellants.

(1)    The court erred in rendering judgment against appellants for the amount of the alleged tax

bill for the reason that same was void, in this that there was no advertisement for bids as directed by the ordinance authorizing the construction of the sewer. Keane v. Cushing, 15 Mo. App. 101; Galbreath v. Newton, 30 Mo. App. 394; Excelsior Springs v. Ettenson, 120 Mo. App. 223, 224; Clapton v. Taylor, 49 Mo. App. 126; Michel v. Taylor, 143 Mo. App. 683. (2) The court erred in holding said tax bill to be a lien against the property in question because no estimate of the costs was filed by the city engineer, or any other person. City of Kirksville ex rel. v. Coleman, 103 Mo. App. 220.

*J. A. Cooley* and *A. Doneghy* for respondent.

(1) The statute, which is the city's charter, does not require any public notice or advertisement for bids for doing this class of work, the only statutory provisions being Secs. 9241 and 9254, R. S. 1909. (2) In the absence of a statutory requirement, no advertisement is necessary. Warren v. Barber Paving Co., 115 Mo. 572; Elliott on Roads and Streets (2 Ed.), Sec. 525. (3) The city council cannot by ordinance or resolution restrict its charter powers or jurisdiction, and require the doing of something as a prerequisite to its right to let a contract, which the charter does not require. Webb City v. Aylor, 163 Mo. App. 155 and cases there cited; City ex rel. v. Scott, 104 Mo. App. 609; State ex rel. v. Gordon, 217 Mo. 103; State ex inf. v. Kansas City, 233 Mo. 162. (4) By a proper interpretation of the ordinance providing for the work, it does not require publication for bids and if it did that part of it is void. No provision is made for the manner, mode or time or medium of advertisement. If directory it might be disregarded. If mandatory or jurisdictional, it would not only be a void attempt to limit the council's right to contract but would be an attempt to delegate to the clerk powers that could be exercised

only by the council, if at all. Haag v. Ward, 186 Mo. 325, 348; Edwards v. City of Kirkwood, 147 Mo. App. 599; Ramsey v. Field, 115 Mo. App. 625; City to use of Murphy v. Clemens, 43 Mo. 395; Ruggles v. Collier, 43 Mo. 353; Neill v. Gates, 152 Mo. 585; City v. Russell, 116 Mo. 248.

JOHNSON, J.—Action for breach of warranty. In a warranty deed conveying land in the city of Kirksville, defendants, the grantors covenanted with plaintiff, the grantee, that the land was free from all but certain specified encumbrances. At that time a special tax bill had been issued against it by the city on account of the construction of a district sewer and, if valid, was an encumbrance defendants were bound to remove. They refused, or, at least, failed to pay the bill and plaintiff paid it and brought this suit to recover the sum thus expended. The important defense is that the tax bill was invalid and, therefore, did not constitute an encumbrance.

Three points are urged in support of this defense, viz., *first,* that the contract was not let to the lowest and best bidder pursuant to the ordinance for doing the work; *second,* the engineer's estimate of the cost of the sewer was filed before and not after the enactment of the ordinance and, *third,* no written contract for the work was entered into nor was any bond for the performance of the contract taken by the city from the contractor.

A jury was waived and after hearing the evidence the court pronounced the tax bill valid and rendered judgment for plaintiff accordingly. Defendants appealed.

The ordinance authorizing the construction of the sewer was enacted pursuant to section 9241, Revised Statutes 1909, which provides "The council shall cause sewers to be constructed in each district whenever a majority of the property holders, residents therein,

Lemon v. Shepherd.

shall petition therefor, or whenever the council shall deem such sewers necessary for sanitary or other purposes, and said sewers shall be of such dimensions and materials as may be prescribed by ordinance,'' and also to a provision in section 9254 that ''before the council shall make any contract for building  .  .  . sewers  .  .  .  an estimate of the cost thereof shall be made by the city engineer  .  .  .  and no contract shall be entered into for any such work or improvement for a price exceeding such estimate.''

The next section (9255) requires that before a contract shall be let for the improvement of the roadway of any public street at the cost of the property owners not less than one week's advertisement for bids thereon shall be made in some newspaper published in the city and the contract shall be awarded to the lowest and best bidder. This section does not purport to apply to the building of sewers and there is nothing in the statutes requiring the ordinance authorizing the construction of a sewer to contain more than a statement of its dimensions and of the materials to be used.

Notwithstanding the absence of any statutory command for the ordinance to prescribe the manner of letting the contract, the ordinance in question provided ''the contract for doing said work shall be let to the lowest and best bidder, as in such cases by statute made and provided, and the city clerk is hereby instructed to advertise for bids to be submitted to the council.'' It is admitted that no advertisement for bids was made. A contractor submitted a bid in writing within the estimate of the engineer and the bid was accepted at a meeting of the city council as shown in the following journal entry: ''In response to public notice for sealed bids for the construction of sewer in sewer District No. 61, a bid was opened and examined, viz., Grassle Bros: Sewer Pipe, 73 cts. per foot; manholes, $37 each; lanternholes, $2.75 each. After consideration, the council finds the bid of Grassle Bros.

to be the lowest and best bid and hereby awards the contract for the construction of said sewer to them.''

No written contract for the work was entered into unless the bid of Grassle Bros. and the journal entry of its acceptance constituted such contract and no bond was given for the performance of the contract.

We are confronted by this peculiar situation: The statutes relating to cities of the third class and constituting the charter of the city of Kirksville did not require an advertisement for bids nor public letting to the lowest and best bidder, nor even require the council to designate in the initiatory ordinance the method to be followed in letting the contract and for doing the work, but in the ordinance the council passed it voluntarily selected and proclaimed a method for obtaining bids and letting the contract and then deliberately ignored this self-imposed rule and followed an entirely different one.

Such conduct is not commendable. We attribute no sinister motive or purpose to the council and consider it unfortunate that what, doubtless, was merely a careless blunder should bear an outward semblance so strongly suggestive of favoritism to the successful and only bidder and of the deception of the public and interested property owners who were assured by a public ordinance that a fair opportunity for competitive bidding would be given and were defeated of the benefits they were justified in believing might inure from fair and honest competition.

While the statutes were silent on the subject they contemplated that the council, speaking by ordinance, would select a proper method for procuring a competent contractor to do the work on reasonabe terms. The grant to the council of power and authority to order the improvement and to let the contract therefor carried by implication the authority and duty to do those incidental things which were essential to a proper performance of the principal duty. The silence of the

statutes did not absolve the council from the duty of providing a method or plan for letting the contract and being charged with the duty of adopting and following some reasonable course "it is immaterial that the city was not bound in the first instance to advertise for bids and to let the contract to the lowest and best bidder. That was a method it could select and in proceeding with the improvements under the ordinance adopting it, the city was bound to follow it in the manner and to the extent that would have been required had the statute in express terms made that method exclusive." [Excelsior Springs v. Ettenson, 120 Mo. App. 215, See, also Keane v. Cushing, 15 Mo. App. l. c. 101; Galbreath v. Newton, 30 Mo. App. l. c. 394; Clapton v. Taylor, 49 Mo. App. l. c. 126; Michel v. Taylor, 143 Mo. App. 683.]

The case from which we quoted may be differentiated from the present case in the particular that there the statutes required the ordinance authorizing the improvement not only to state its dimensions and materials but also to prescribe a method for letting the contract. But no such distinction appears in Galbreath v. Newton, supra, where the special charter of the City of Sedalia (Laws 1873, p. 368, et seq.) was found to be of similar import to the charter under consideration. The ordinance called for competitive bidding but the method prescribed therein was not followed. Speaking through ELLISON, J., we said:

"Again, the contract as let is not such as was advertised for bidders, which of itself is enough to render it illegal. [People v. Board, 43 N. Y. 227.] The advertisement for bidders for this work was under the terms of the ordinance, while the contract, as actually let, was as has been shown. Notice of the letting of public work or improvements is for the purpose of competition and for safety against the occasional cupidity of public servants, as well, I might add, as for

affording all an equal opportunity to obtain the employment the work affords. It is, and has been found to be, one of the means of security to the public and justice to the individual. A false notice, a notice not in substantial accord with the fact, is as bad, if not worse, than none at all. This contract for boulders was let without notice or competition. It may be that parties who had no facilities for furnishing limestone at any reasonable price, and, therefore, did not bid for the work, would have been eager to obtain the contract if they had known boulders were to be used. In some sections limestone would have to be quarried at much trouble and expense, while boulders could be gathered from the beds of creeks. This may or may not apply to the special vicinity of Sedalia, but it illustrates the necessity for caution where diverse interests should have an opportunity to be subserved. It is, however, contended that since the charter does not call for notice, none is required. But section two of the ordinance plainly implies there shall be notice. It directs that sealed proposals shall be received, and that the contract and work shall be let to the lowest responsible bidder. There can be no doubt that the private letting is in the face of this section, and that it contemplates reasonable public notice, if none other is prescribed by some general ordinance.''

To hold that the city might ignore lawful and proper ordinance regulations which are not in conflict with the charter but in furtherance of its intent and purpose would necessitate the overruling of the rule in the quotation from Galbreath v. Newton, and the principle underlying the decision in the Ettenson case. We recognize the soundness of the rule stated by the Springfield Court of Appeals in Webb City v. Aylor, 163 Mo. App. 155, that ''the council cannot by ordinance, or otherwise, bind itself to do more than the statute requires and where the council proceeds as directed by the statute it will be within its jurisdiction,

even though it may not proceed in compliance with its own ordinance," since "it was never intended that the city council should be given control over its own jurisdiction."

The principle thus stated does not conflict with the rule applied in the Galbreath and Ettenson cases, supra. A city cannot by ordinance either enlarge or diminish its charter powers and duties. The ordinance in question attempted no such usurpation nor abnegation of authority but was within the sphere of legislative acts of delegated duties the charter intended the city could perform in exercising the powers specifically granted. Being harmonious with the charter and, therefore, a lawful exercise of municipal authority, the city became bound by it to the same extent as though it were written in the statutes. The tax bill is void and defendants were guilty of no breach of warranty in refusing to pay it.

Reversed. All concur.