REINERT BROTHERS CONSTRUCTION COM-
PANY, Respondent, v. MILTON TOOTLE, JR.,
et al., Trustees of the BUELL MANUFACTUR-
ING COMPANY, Appellants.

Kansas City Court of Appeals, Nov. 11, 1918.

1. **TAXBILLS: Ordinances: Defective Title.** Where the title of an
ordinance expresses the subject of the act in such terms that the
lawmakers and the people are not left in doubt as to what matters
are treated, the ordinance is not void. (Section 8555, R. S. 1909).

2. ———: ———: **Publication.** An ordinance approved February 24,
1914, and published from March 16th to March 21, 1914, is not void
for failure to publish for a period of five consecutive days within
twenty days after it was passed and approved as required by sec-
tion 8694, Revised Statutes 1909, as the first publication was with-
in the prescribed twenty days.

3. ———: ———: **Error in Number: Publication.** Where the proof of
publication of an ordinance for street improvement stated that
Ordinance No. 6675 instead of No. 6676 was published, the error is
not fatal, since the ordinance itself and all the proceedings con-
nected with the street improvements, disclosed that ordinance No.
6676 was the one referred to and no one could have been mislead
by such mistake.

4. ———: **Grading of Streets in St. Jospeh, Mo.: Assessment of Dam-
ages: Necessity for Appointment of Commissioners.** Unless all
property owners to be affected by the grading of a street, petition
for the change of grade and waive all claims for damages on ac-
count thereof, the damages must be assessed as provided by sec-
tions 8697, 8698 and 8700, Revised Statutes 1909, but if any of
such persons, or less than all, petition and waive claims, then any
person claiming damages by reason of the proposed grading, must
file his claim with the clerk of the circuit court, and failing to
file such claim, the grading may be done without the appointment
of commissioners to assess damages.

Appeal from Buchanan Circuit Court.—*Hon. Thos.
B. Allen,* Judge.

AFFIRMED.

*W. N. Linn* and *B. M. Lockwood* for respondent.

*Robert A. Brown* and *Richard L. Douglas* for appellants.

BLAND, J.—This is a suit on two grading tax bills issued by the city of St. Joseph, Missouri. Plaintiff having recovered, defendants have appealed.

Defendants insist that the special ordinance providing for the grading contravenes section 8555, Revised Statutes 1909, providing that,—

"No bills except general appropriation bills shall contain more than one subject, which shall be clearly set forth in the title."

In the body of the special ordinance it was provided that the street should be graded, "in accordance with plans and specifications therefore on file in the office of the Board of Public Works, a copy of which plans is herein attached, said plans and specifications being made a part of this ordinance by reference."

The grades had been previously established by general ordinance. The plans and specifications referred to in the special ordinance provided for small changes in the grade, established by general ordinance, at various points in the street that was to be graded. The title of the special ordinance was as follows:

"Special Ordinance, No. 6676."

"An ordinance to provide for the grading of Eleventh street from Garfield Avenue to the south city limits at Florence road, to the grades prescribed herein prescribing a benefit district, and repealing all conflicting ordinances."

It is the contention of the defendant that because the special ordinance did not provide in its title that one of its purposes was to change the grade as fixed by the general ordinance and substitute other grades therefor, the ordinance was void because not complying with the Statute supra. We think there is no merit in this connection. The title of the ordinance plainly shows

that the grading was to be done in accordance with grades fixed therein repealing all conflicting ordinances. The title is somewhat general but it refers in general terms to the subject of fixing grades and provides for grading the street after such grades were fixed.

As was stated in Lynch v. Murphy, 119 Mo. l. c. 169-170—

"The generality of a title is therefore no objection to it, so long as it is not made a cover to legislation incongruous in itself, and which by no fair intendment can be considered as having a necessary or proper connection."

One of the tests to determine whether the title sufficiently indicates what is the purpose of the ordinance, is that it must express the subject in the act in such terms that the law makers and the people may not be left in doubt as to what matters are treated. [State v. Burgdoerfer, 107 Mo. l. c. 30.] The mere generality of the title will not vitiate the ordinance unless the title is of such a nature as to compel a conviction that it was designed to mislead as to the subject dealt with. [O'Connor v. Transit Co., 198, Mo. l. c. 639.] It is sufficient that the title does not mislead as to the chief topic of the act, and that the minor features of it have a reasonable and natural connection with the subject named in the title. [State v. County Court, 128 Mo. l. c. 441.] The title is not required to be an analytical index to the body of the ordinance. If the title is not a cloak to hide the object intended, the ordinance is valid. [State v. St. Louis, 161 Mo. l. c. 398.]

The section of the Statute under consideration, while a mandatory provision, should be liberally construed. The Statute will not annul an ordinance where all its provisions radiate from the "single subject" of the ordinance when within its just scope and reasonable application, and where that subject is pointed out in the title which is not designed to mislead either the members of the city council or the people, but which contains a fair forecast of the contents of the ordinance. [State ex rel. v. Revelle, 257 Mo. l. c. 538.]

As before stated, the general subject treated of in the title of this ordinance is the establishment of grades and the actual grading of the street to the grades so established. Anything that came within the scope of these things was germain to the title. The fact that the body of the ordinance (by reference to the plans and specifications) changes the grades in some respects from that contained in the prior ordinance was not designed to mislead anyone, for the reason that the title states that the grading should be made "to the grades prescribed herein." This was notice to all that the special ordinance fixed the grades to which the street was to be graded.

Defendants' next point is that the special ordinance was not published in accordance with section 8694, Revised Statutes 1909, which provides as follows:

"The city clerk or the mayor shall, at the cost of the city, cause to be published a copy of said ordinance within twenty days from the taking effect of the same, in the newspaper at the time doing the city printing, in each issue of such paper for five consecutive issues."

It is the contention that this section required the publication to be "for a period of five consecutive days within twenty days after it was passed and approved." The ordinance was approved on February 24, 1914, and was published from March 16 to March 21, 1914. The first publication being within the twenty days prescribed. We think that this is all the statute required. The statute in effect says that a copy of the ordinance shall be published in each issue of the newspaper doing the city printing for five consecutive days, that is, that each issue shall constitute a publishing of the ordinance but that it must be so published five times. Of course there has been no publication of the ordinance in the strict legal sense until it is published five times but the statute does not refer to such a publication but the word "published" as used therein is equivalent to the word "inserted," the first insertion to begin within twenty days after the taking effect of the ordinance. In view of the foregoing interpretation of the ordinance,

it is unnecessary for us to decide whether this ordinance comes within the terms of section 8859, Revised Statutes 1909.

There is no merit in the contention that the ordinance was not published because the proof of publication of the ordinance referred to stated that ordinance No. 6675 instead of No. 6676 was published. The ordinance itself, and all the proceedings connected with the grading, shows that Ordinance No. 6676 was the ordinance referred to and no one could have been mislead by this slight mistake.

The facts in this case show that these defendants did not petition for the grading of the street nor did they waive claims for damages therefor on account thereof, and for that reason the defendants say that the court erroneously failed to appoint commissioners to assess benefit and damages to the abutting landowners as required by sections 8692, 8699, and 8700, Revised Statutes 1909, although the defendants failed to file with the clerk of the circuit court any claim for damages. Section 8692, Revised Statutes 1909, provides as follows:

Established City Street Grades not to be Changed.

"No street, avenue, sidewalk, alley or other public place in any city of the first class, excepting parks, parkways and boulevards, shall be graded so as to change the existing grade thereof, unless the property owners to be affected thereby petition therefor and waive all claim to damages on account thereof, or unless such damages shall be first ascertained and paid as hereinafter provided; and any special tax bills issued for grading in violation of this law shall be void."

Section 8697, Revised Statutes 1909, providing for the filing of claims for damages is as follows:

"Persons Claiming Damages by Grading to File Statement.

"When the mayor or other city officer shall file a certified copy of said ordinance in the circuit court, or with the clerk thereof, such court or judge thereof shall

fix a day and place for assessing the damages and benefits to arise from the proposed grading, and shall make an order reciting the ordinance, and said order shall be directed to all persons whom it may concern, without naming them, notifying them of the place and the day fixed for the ascertaining of damages and benefits to arise from such grading. A copy of such order shall be published in the newspaper at the time doing the city printing for five successive days, the last insertion to be not more than one week prior to the date so fixed for said hearing; said cause may be continued or postponed from time to time. No other notice during said proceedings shall be necessary except as herein provided, and proof of publication of such order may be made by the affidavit of an editor or person connected with the newspaper. On or before the day set for the said hearing, any person, claiming damages by reason of the proposed grading. *must* file or cause to be filed with the clerk of said court a description of the property claimed to be damaged, and the interest of the claimant therein. The clerk shall note the filing of every such claim as a part of the record in said cause." (Italics ours)

Section 8698, Revised Statutes 1909, provides as follows:

"Grading to Proceed—When

"If no claim be filed before the day set for the hearing of said cause, or the day to which said cause has been postponed or continued as hereinbefore provided, the court, or the judge thereof, in vacation, shall make an order finding that no such claim has been filed, and thereupon the grading or regrading may then be done or made, and no claim for damages therefor shall thereafter be made or considered."

Section 8699, Revised Statutes 1909, provides as follows:

"Hearing on Claims for Damages.

"On the day set for the hearing, if the copy of the order has been duly published, as herein required, if claims for damages shall have been filed as hereinbe-

fore provided, the judge or court shall appoint and cause to be impaneled a board of three commissioners, who shall be disinterested freeholders, and allowed the same fees as jurors are allowed for their services.''

Section 8700, Revised Statutes 1909, defines the duties of the commissioners.

This court in the case of Investment Co. v. Construction Co., 143 Mo. App. 357, had before it a contention similar to the one now made. In that case it was held that the law as it then stood required the appointment of commissioners for the ascertainment of benefit and damages to the abutting landowners. The sections involved in that case are now 9050, 9055, 9056, 9057, (art. 3, chap. 84, R. S. 1909), said sections applying to the grading of streets in cities of the second class. At the time the suit arose culminating in the writing of the opinion in that case, these latter sections applied to no other city in this State than St. Joseph. Thereafter, article 2, chapter 84, Revised Statutes 1909, in which occurs the sections under consideration, was passed by the General Assembly. This article provides, sections 8535 and 8536, that cities in this State of more than seventy-five thousand and less than one hundred and fifty thousand inhabitants might come under its provisions by an affirmative vote of the people in reference to the question whether it should become a city of the first class, as provided in said article. Under the provisions of said article no city in this State other than the city of St. Joseph could come under its terms at the time of its passage. Such city is now operating under this article and it is, therefore, necessary for us to review the changes made in relation to the grading of streets in that city by the Legislature in passing said article. Section 8697, Revised Statutes 1909, as applied to the city of St. Joseph, is substantially the same as section 9055, Revised Statutes 1909, that formerly applied to it, except that the provision for the filing of claims is changed so that instead of providing that persons in interest ''*may*'' file, or cause to be filed, with the clerk claims for damages, as

provided in section 9055, Revised Statutes 1909, the new section (8697, R. S. 1909) provides that such person *"must"* file, or cause to be filed, with the clerk such claim.

Section 8698, Revised Statutes 1909, is entirely new. This latter section follows section 8697, which, as we have already seen, provides that any person claiming damages "must" file a claim. Section 8698 provides that if no claim be filed before a certain day, the court shall make an order finding that no such claim has been filed, thereupon the grading or regrading may be done or made.

The court below followed section 8698 and found in its judgment that all persons interested had been duly notified, that no claims for damages had been filed, and ordered that the city of St. Joseph proceed to grade the streets under said special ordinance No. 6676.

Defendants contend that as the existing established grade was changed by the ordinance and as they did not petition for such change and waive claims for damages on account thereof, that the damages should have been ascertained and paid by the appointment of commissioners, defendants claiming that method being the alternative provided by section 8692, Revised Statutes 1909. As the law stood prior to the passage of the new charter of the city of St. Joseph (art. 2, chap. 84, R. S. 1909), defendants would have had a right to insist that damages be ascertained in such a manner, but the Legislature evidently intended to change the rule laid down in Investment Co. v. Construction Co., supra, or why should it have provided that any person claiming damages *must* file a claim for the same, and if no such claim were filed, the appointment of commissioners was not necessary. We are not unmindful of the fact that in section 8692, Revised Statutes 1909, the Legislature reenacted the substantial features of section 9050, Revised Statutes 1909, at the same time it provided sections 8697 and 8698, and that we must give full meaning to all the sections as they now stand.

As the law now stands it is apparent that unless all the property owners to be affected by the grading petition for the change of grade and waive all claims for damages on account thereof the damages must be assessed as provided by sections 8697, 8698 and 8700, Revised Statutes 1909. If none of the property owners or less than all petition and waive claims, then any person claiming damages by reason of the proposed grading must file his claim with the clerk of the circuit court, and failing to file such claim the grading may be done without the appointment of commissioners to assess damages. If any such claim is filed, then, of course, commissioners are necessary. All parties are notified by the publication provided in section 8697.

It is urged that one of the tax bills is void for the reason that no ordinance was passed by the council directing an assessment of the value of real property liable to assessment for such work, after the contract was let, as provided by section 8710, Revised Statutes 1909. The same contention was made in the case of Buis v. Hathaway, 195 S. W. 1047, and this court held it to be without substance. On the authority of that case this point is ruled against the defendants.

We find that a certified copy of ordinance No. 6676 was filed in the circuit court as required by section 8697, Revised Statutes 1909, and the point made by defendants that it was not so filed is, therefore, without merit.

The judgment is affirmed. All concur.