CITY OF KIRKSVILLE EX REL. S. L. EGGERT, RESPONDENT, v. FRANK HARRINGTON ET AL., APPELLANTS.*— 35 S. W. (2d) 614.

Kansas City Court of Appeals. November 3, 1930.

*Mills & Jayne* for respondent.

*Reiger & Reiger* and *S. H. Ellison* for appellants.

BOYER, C.—This is an action to recover on three tax bills issued by the city of Kirksville against the property of defendants to S. L. Eggert in part payment for the construction of a district sewer. The petition is in three counts and in usual form.

Defendants admit that they are the owners of the land described in the petition, deny all other allegations therein, and further affirmatively allege that the city council of the city of Kirksville approved ordinance No. 3843, which by its terms orders the construction of the sewer in question and provides that the contract for construction shall be let to the lowest and best bidder, and directs the city clerk to advertise for bids therefor for seven consecutive insertions in the Daily News, a daily newspaper printed and published in said city, and further provides that Councilman Frank W. Russell be designated as officer in charge of said work; that said Russell was a member of the city council and was at all times in the employment of the plaintiff and so remained as his agent during the construction of the sewer; that plaintiff did not enter into a contract with the city of Kirksville for the construction of said sewer in accordance with the terms of said ordinance; nor was said contract entered into and let upon competitive bidding to the lowest and best bidder, nor was the notice of letting of said contract and advertising for bids thereon ever given by advertising in the Daily News nor any other paper; that plaintiff did not enter into a good and sufficient bond for the performance of said contract, but was permitted by said Russell and other members of the council to sign a paper purporting to be a bond with no surety, the purpose and reason therefor being to enable plaintiff to avoid expense in procuring a bond and thereby enable him to either underbid competition or to make additional profit; that all of the land embraced in said district was not included in the apportionment of the cost of the sewer, but that a certain lot was excluded in the apportionment and that the *pro rata* cost of said sewer upon said excluded land was taxed *pro rata* against the defendants' property and that of others in the district. The answer also contains the following:

"Defendants further say that at all of the times mentioned in the petition and at the time District 119 by Ordinance No. 3843 was established their lands were not susceptible to service by any sewer to be constructed in said district; and that said sewer does not run in such a manner as to be available for use by defendants, as plaintiff knew; that a large portion of said land lies lower than said sewer and cannot be served thereby, as plaintiff and the said Russell at all times well knew. That before plaintiff attempted to enter into any contract with the city, or had done any work in constructing any sewer in said district, he knew that the

major portion of defendants' lands was already served by a sewer on said lands, which had theretofore been constructed and paid for by defendants and by those through whom they acquired the same, and the defendants' lands would not, and could not be benefited on account of any sewer proposed to be constructed by plaintiff, nor was said sewer constructed as per plans and specifications, being shallower than said plans.

"Defendants plead the foregoing facts in bar of plaintiff's action and further say that for the reason herein stated, said tax bills are illegal and void."

. Defendants' prayer was that the court adjudge the tax bills void and that they be cancelled.

Upon these pleadings the case was tried as in equity, judgment was for plaintiff upon all counts of the petition for the amount shown due in each tax bill, and each bill was declared to be a special lien on the property against which it was issued, describing the same. Defendants appealed. Pertinent facts will be stated in the course of the opinion.

A preliminary matter requires attention. Respondent has filed his motion to dismiss the appeal on the ground that appellants have failed to comply with Rule 15 of this court in that they did not deliver a copy of any abstract, brief, or points and authorities to the respondent, or to any attorney for the respondent, at least twenty days before the day on which the cause is docketed for hearing. From the information before us, it appears that counsel for respondent received a copy of appellants' abstract, record and brief on September 16, 1930, and was therefore served twenty days before the 6th day of October, 1930, the day upon which the case was docketed for hearing. But this abstract purports to be in the case of "S. L. Eggert, respondent, v. Frank Harrington et al., appellants," and we assume that the point made by respondent against the abstract is that it does not appear to be and is not in fact an abstract in the case of "City of Kirksville ex rel. S. L. Eggert, respondent, v. Frank Harrington et al., appellants." The controversy on this point has arisen solely, so far as we are aware, out of the fact of a variation in the title of the cause during its progress. It appears from the additional abstract of record filed by appellant, as well as from the petition itself, that plaintiff filed his suit in his individual name and not in the name of the city to his use. The original style of the case was S. L. Eggert, plaintiff, v. Frank Harrington (and 5 others), defendants. The case was No. 19872. Defendants' answer bore the same title and number of the cause. At the conclusion of the trial the court took the case under advisement and the record then showed the title of the cause to be "City ex rel. S. L. Eggert,

plaintiff, v. Frank Harrington et al., defendants, No. 19872.'' When judgment was entered the case was entitled, ''City of Kirksville at the relation of S. L. Eggert, plaintiff, v. Frank Harrington et al., defendants, 19872,'' and the style of the case continued the same upon the filing of motion for new trial, when same was overruled, and when the order granting the appeal was made, and the short form transcript reaching this court bears the same title.

After appeal, plaintiff filed his motion in this court to affirm the judgment on the ground that the appeal had not been perfected in time, and in that motion the style of the case is the same as it is last set out. That motion was overruled.

We do not perceive that a variation in the style of the cause has in any manner affected the merits, nor that it is a matter of substance. It is now immaterial whether plaintiff brought this suit in his individual name or in the name of the city to his use as Section 8305, Revised Statutes 1919, as amended by Laws of 1921, page 501, directs, because that subject relates wholly to the question of a defect of parties apparent on the face of the petition, which was waived by the answer. [State ex rel. v. Chemical Works, 249 Mo. 702, 721.] Defendant does not raise the point and certainly plaintiff should not complain. If a matter of substance, plaintiff would have had the right to amend the title of his cause and it would be treated as so amended. The action which was instituted, tried, adjudged, and appealed is the case which is before us, and the abstract and brief filed will be treated as the abstract and brief in the case appealed.

Respondent has also filed his motion to strike from the files the additional abstract of the record filed by appellants. Following the service of appellants' abstract of the record, the respondent, on the 24th of September, 1930, served upon appellants' attorney and filed here a purported additional abstract in the case entitled, ''S. L. Eggert, respondent, v. Frank Harrington et al., appellants,'' in which it is stated that no motion for new trial in said cause was taken up and overruled by the court, nor was there any record entries of the court in said cause that the defendant filed application and affidavit for appeal or that an appeal was taken or allowed in said cause. Within eight days after the service of respondent's additional abstract, the appellants, on the 1st day of October, 1930, served upon respondent's counsel and filed here their additional abstract of the record showing the facts in reference to the alteration of the style of the case on the record of the court as above set out, and that motions for new trial and in arrest of judgment were filed and overruled, and that an appeal was duly taken in the case under the present title of the same.

The additional abstract is permissible for the purpose of identifying the case. The motion to dismiss the appeal, as well as the motion to strike appellants' additional abstract should be overruled.

The errors assigned and treated in the brief may be consolidated under two points. (1) That the court erred in excluding evidence, and (2) that there was a failure to advertise for bids, that bidders were misled by the notice given, and the contract not let by competitive bidding.

Of the excluded evidence. Defendants offered to prove that at the time of the passage of the ordinance establishing sewer district No. 119 a portion of the premises of the defendants was included in a sewer district already established and that the house and dwellings thereon had sewer connections; and offered to prove that lots 3 and 16, a part of the property covered by one of the tax bills, were below the level of the sewer and could not be served or benefited thereby; that a large portion of the sewer as constructed is laid upon private ground; that it is not accessible for use by the defendants and cannot be reached for connections by them without crossing private ground.

Defendants argue that their property is not benefited by the sewer and that the court should have considered this evidence in determining that the *ordinance* was arbitrary and a fraud upon their rights, and a confiscation of their property. It will be noted from that portion of the answer set out that the *ordinance* is not attacked upon any such ground. Defendants do not plead in terms nor in effect facts which would lead to any such necessary inference. The point is beside the issues in the case as made by the pleadings, and it may further be noted that defendants "alleged attack is collateral and not permissible." [Heman v. Schulte, 166 Mo. 409, 66 S. W. 163; City of Webster Groves v. Taylor (Mo. Sup.), 13 S. W. (2d) l. c. 648.]

Whether the property of defendants burdened with the tax bills has received corresponding benefits is a legislative and not a judicial question. The determination by the city council to form the district, and that benefits are conferred on the property is conclusive on the owner and the courts unless it be made to appear that the legislative action is in fact fraudulent and by reason of its arbitrary character a mere confiscation of property. [City of Webster Groves v. Taylor, supra, l. c. 647.] The answer does not raise such issue.

Defendants further say that they offered to show that one tract of land in the district was omitted from the apportionment of the cost, thereby increasing the amount assessed against their prop-

erty. We have searched the record carefully and find no such offer of proof. We find no error in the exclusion of evidence.

The pivotal point in the case is whether the notice actually published substantially complied with the order of the city council to advertise for bids upon the proposed work. The statutes applicable to cities of the third class appear to be silent on the subject of publication of notice for bids upon work to be done and material furnished in the construction of a district sewer, but even though the statute be silent, if the council of said city by ordinance adopt a certain method requiring publication of notice for bids it will be required to follow that method the same as though it were written in the statute. [Lemon v. Shepard, 180 Mo. App. 332, l. c. 336, 337.] The notice given and published for the required time was the following:

"Notice to Contractors.

"Notice is hereby given that sealed bids will be received by the City Council of the City of Kirksville, Mo., at the office of the city clerk of said city up to and including 5 o'clock P. M., December 4th, 1922, for the furnishing of labor and material necessary to construct a sanitary sewer district, number 119. Bidders are referred to Ordinance Number 3837 for a complete description of the manner of work, plans and specifications and all matters pertaining to the construction of said sewer are now on file in the office of city clerk.

"Done by order of the city council.

"E. L. BARNES,
City Clerk."

The ordinance which established sewer district No. 119 and directed the construction of the district sewer in question therein was No. 3843: After providing for the location of said sewer and the material to be used in its construction and that it should be constructed in all matters and things of the material and in the manner shown in the plans, specifications, maps, and profiles therefor filed by the city engineer in the office of the city clerk of said city on the 2d day of October, 1922, which plans, specifications, maps, and profiles are made a part of said ordinance, it further provided:

"The contract for said work shall be let to the lowest and best bidder and the city clerk is instructed to advertise for bids therefor for seven consecutive insertions in the Daily News, a daily newspaper printed and published in said city, said bids to be received by the city council at its first regular meeting after said notice has been published. Councilman Frank W. Russell is designated as the officer in charge of said work, and is directed to file estimate therefor."

The main criticism of appellants is that prospective bidders were misled by the notice on account of the reference therein to ordinance No. 3837 instead of to ordinance No. 3843, which was the true number and description of the ordinance providing for the work in sewer district 119; that prospective bidders were misled thereby and that competition in bidding was destroyed because ordinance No. 3837, which was offered and introduced in evidence, provided for the construction of a sewer in district No. 118. Appellants reason that a prospective bidder would ascertain that ordinance No. 3837 referred to the construction of a sewer in district No. 118, and would make no other or further inquiry for the ordinance applicable to district No. 119, nor for the plans and specifications pertinent to the work contemplated in district No. 119.

We are of opinion that the contention cannot be allowed under the circumstances in this case. There was no evidence of any character that any bidder was misled by the notice published, or that competitive bidding was in any manner prevented or discouraged, or that there was not in fact any competition. It will be observed that the ordinance made no provision for the contents of the notice to be published, but merely provided that the city clerk should advertise for bids upon the work. This we think he did by the notice given, notwithstanding the typographical error in the number of the ordinance which provided for the work. Independent of the reference to the ordinance, there was sufficient in the notice to inform the public, and all bidders who might be interested, that the city council would receive bids upon the work and material necessary to construct a sewer in district No. 119, provided for by ordinance, and that the "plans and specifications and all matters pertaining to the construction of said sewer are now on file in the office of the city clerk." The plans and specifications covering the work contemplated in district No. 119 were attached to and made a part of the ordinance which provided for said work. This was ordinance No. 3843. Any bidder would naturally first inquire for the plans and specifications for the sewer in district No. 119 and the ordinance providing for the proposed work. Such inquirer would not receive ordinance No. 3837, but ordinance No. 3843. If by any chance he should seek out ordinance No. 3837, he would at once learn that it did not provide for work in district No. 119 and would be led to the proper ordinance if he so desired. It is our view that there is sufficient in the notice to comply with the direction of the ordinance to advertise for bids upon the work contemplated; and we are inclined to be satisfied with this view for the further reason that it does not appear that there was any interference with or prevention of

competitive bidding on account of the clerical error in the number given. No substantial right of any party in interest has been affected in any way.

In the case of Reinert Bros. Construction Co. v. Tootle, 200 Mo. App. 284, 206 S. W. 422, the question arose over the sufficient publication of an ordinance. It was published as ordinance No. 6675 instead of ordinance No. 6676, its true number. This court in an opinion by Judge BLAND observed upon this point at page 288:

"There is no merit in the contention that the ordinance was not published because the proof of publication of the ordinance referred to stated that Ordinance No. 6675 instead of No. 6676 was published. The ordinance itself, and all the proceedings connected with the grading, shows that ordinance No. 6676 was the ordinance referred to and no one could have been misled by this slight mistake."

In the case of Webb City v. Aylor, 163 Mo. App. 155, 147 S. W. 214, it appeared that a resolution of the city council of a city of the third class declared certain street improvements necessary "and that the same should be done according to the plans, specifications, and estimates of the city engineer on file in the office of the city clerk and general ordinance No. 517." The plans and specifications were not on file in the city clerk's office at the time the resolution was passed and published, except as they were contained in ordinance No. 517, which ordinance contained complete specifications in detail. It was held that the resolution was sufficient and that the property owners by consulting ordinance No. 517 could have secured all the information desired.

Pertinent to a proceeding for street improvement and a strict compliance with the law in the procedure, the court observed, beginning on page 165:

"While a strict compliance with the statute is essential to the validity of the tax bills and the city council should be careful to follow its requirements, yet, it is not the policy of the law nor of the courts in construing the law to hedge these proceedings for municipal improvements about with such technical restrictions as to defeat the purpose of the lawmakers in authorizing them. . . . When there has been, in substance, a strict compliance with the law and no one has been misled or injured in any way by any technical variation from the letter of the law, then the contractor who has performed his contract in good faith should not be robbed of what is justly due him and the property owner be permitted to profit thereby upon a mere technicality or slight variation from the strict letter of the law when the substantial rights of the property owners are in no way affected thereby."

The inaccuracy in the notice in this case is a mere technical error and it cannot be said that it is deficient in substance to convey notice of the actual work proposed and that bids will be received therefor. It is substantially a strict compliance with the direction of the ordinance. Other matters mentioned in the answer and in the assignments are either without evidence to support them or have been abandoned in the brief.

It results that there is no reversible error indicated in the proceeding; that the judgment was for the right party and should be affirmed. The Commissioner so recommends. *Campbell, C.,* not sitting.

PER CURIAM:—The foregoing opinion by BOYER, C., is adopted as the opinion of the court. The judgment is affirmed. All concur, except *Trimble, P. J.,* absent.