Straight Party Voting — Machines — Levers Voting machines cannot be used where there are three parties on the ballot when the machines have only mechanisms which allow for straight party voting for two parties under 26 O.S. 274 [26-274] (1961). The Attorney General has had under consideration your letter of July 16, 1968, wherein you state the following facts and ask the following two questions: "As a premise for this question we ask you to accept as fact the proposition that certain voting machines used in Oklahoma (Tulsa County) can not be altered or constructed before November to permit straight party voting for three parties. That certain races will have certain candidates from each of the three parties. That the machines are so constructed as to permit straight party voting when candidates from only two parties (Democrat and Republican) are nominated, but are not constructed as to permit straight party voting when candidates from three parties are contending for the same office. The first question is can a voting machine be used when it is not constructed to permit party voting? "If the answer is in the affirmative then would you please answer the further question of how it is to be determined which of the three parties is to be excluded from designation on the `party' levers?" Your letter also refers our attention to 26 O.S. 274 [26-274] (1961), which provides in relevant part: "A voting machine to be used must be so constructed as to provide facilities for voting for candidates at both primary and general elections or at a nonpartisan election and also at a combination of a nonpartisan and partisan primary or general election. It must permit a voter to vote for any person whose name is entitled to appear on the ballot, for any office whether or not nominated as a candidate by any party or organization. It must be so constructed as to permit straight party voting as well as mixed or split tickets. It must insure voting in absolute secrecy. . . ." (Emphasis added) The verb "must" is obviously used as a mandate since the entire tenor of the statute reflects an intention of the Legislature to carefully protect, by rigid specifications, the right of suffrage of each citizen of Oklahoma. The verb "must" has been so construed in many jurisdictions. An example of this construction is found in Merchants Credit Service v. Chouteau County Bank, Mont. 114 P.2d 1074, where the Supreme Court stated: "In State ex rel O'Connor v. McCarthy, 86 Mont. 100, 108, 282 P. 1045, 1048, where the court had under consideration a case involving the power of a public officer and whether a particular duty prescribed by statute was mandatory or directory, it was said: `The Legislature used the verb "must" which denotes "obligation," "We must obey the laws" (Webster), and, when used to impose a duty, it is mandatory and peremptory, excludes discretion, and imposes upon the officer an "absolute duty to perform the requirements of the statute in which it is employed."' People v. Thomas,32 Misc. 170, 66 N.Y.S. 191, 193; In re Farrell, 36 Mont. 254,92 P. 785, 787; Ex parte Smith, 152 Cal. 566,93 P. 191; Reinert Bros. Const. Co. v. Tootle,200 Mo. App. 284, 206 S.W. 422. . . ." The language of Section 274 is straightforward and clear without need of an in depth analytical interpretation. The general rule of construction, which provides that where language of a statute is plain and clear, it should be accorded its ordinary meaning and there is no room for interpretation, would certainly apply in this instance. (See Kierks v. Walsh, Okl., 218 P.2d 920.) It is therefore the opinion of the Attorney General that your first question should be answered in the negative, in that, voting machines cannot be used where there are three parties on the ballot when the machines have only mechanisms which allow for straight party voting for two parties. Since the answer to your first question is in the negative, it is unnecessary to answer your second question. (Dale F. Crowder)