James G. ASHLEY, Jr., et al., d/b/a Kansas City Public Service Freight Operation, Appellants,

v.

Paul METZ and David W. Brown, Respondents.

No. 57621.

Supreme Court of Missouri, Division No. 1.

Sept. 9, 1974.

L. R. Magee, Kansas City, for appellants.

Aaron A. Wilson, City Counselor, Robert D. Munro, Associate City Counselor, Kansas City, for respondents.

HIGGINS, Commissioner.

Action by plaintiffs for declaration that certain tax bills of the City of Kansas City are invalid and void; counterclaim by de-

fendant Paul Metz, Treasurer of the City of Kansas City, for certain taxes and interest. Appeal by plaintiffs from judgment for defendant Metz in plaintiffs' action and for defendant in sum $4,251.06 and interest on his counterclaim. Construction of revenue laws is involved.

Plaintiffs initiated this action by Petition for Injunction and for a Restraining Order, alleging that: Plaintiffs are partners in the Kansas City Public Service Freight Operation, operating a railroad (a freight-switching service) under Section 537.240, RSMo 1959, V.A.M.S., by authority of the Interstate Commerce Commission and the Public Service Commission of Missouri. Defendant Metz has mailed, or caused to be mailed, to plaintiffs certain tax bills for Special Boulevard Maintenance affecting various tracts of land on plaintiffs' right of way. Defendant Metz also has mailed, or caused to be mailed, to plaintiffs Notice of Foreclosure with respect to the tax bills and tracts, and notice that unpaid tax bills will be referred to defendant George Lehr, County Collector, for action under the Land Tax Collection Law, Sections 141.210 to 141.810, RSMo 1959, V.A.M.S. The tracts in question lie between 59th Street north to Volker Road in Kansas City where the railroad abuts boulevards of Kansas City. The Special Boulevard Maintenance Tax is illegal and void and contrary to law as it relates to taxation of railroads. Enforcement of the tax bills is an unlawful act and should be enjoined. The prayer was for a declaration that the Special Boulevard Maintenance Tax as assessed against plaintiffs is invalid and void; that defendants Treasurer and Collector be enjoined and restrained from acts to collect such tax and particularly from foreclosing on plaintiffs' right of way.

Subsequently, the parties stipulated that Kansas City would not enforce liens against plaintiffs' right of way either by sale or foreclosure under the Land Tax Collection Act; and that such agreement would not affect validity of Special Boulevard Maintenance Assessments or the right of Kansas City to enforce and collect same by other means in this or any other action.

Thereafter, Kansas City filed its answer, a general denial, and its counterclaim, alleging that: Kansas City is a constitutional charter city and, by authority of law, its charter, and particularly by Section 62 of its charter, enacted certain ordinances " 'levying a special assessment * * * on the lots, tracts and parcels of land in the West Park District of Kansas City, Missouri, found fronting and abutting on certain boulevards, parkways, roads and highways in said park district * * *, for the purpose of maintaining, repairing and otherwise improving said boulevards * * *.' " The special assessment was of ten cents per front or abutting foot on all lots, tracts, and parcels of land according to frontage found fronting or abutting on all boulevards, parkways, and highways in the West Park District. Plaintiffs have an interest in certain tracts of land within said district, and the city owns and holds unpaid special assessment tax bills against plaintiffs' properties within the district in various amounts for the years 1963–1968. The prayer was for judgment for the total of such special assessments with interest of one percent per month as provided by Section 383 of the Kansas City Charter.

The principal question is whether plaintiffs are exempt under Chapter 151, RSMo., from Kansas City's Special Boulevard Maintenance Assessments levied under Section 62 of the Charter of Kansas City. A secondary question is whether the Treasurer of Kansas City is the proper party to collect such assessments.

Appellants contend that Article X, Section 5, Constitution of Missouri, V.A.M.S., and Chapter 151, RSMo., provide the exclusive scheme for taxation of railroads, and that Section 62 of the Kansas City Charter, under which Kansas City would collect its Special Boulevard Maintenance Assessments against plaintiffs' railroad property, is inconsistent with the constitutional and statutory provisions.

Respondents contend that Chapter 151, RSMo., applies only to *ad valorem* taxation of railroads; that Section 62 of the Kansas City Charter is authorized by the Constitution of Missouri; and that since it provides only for special benefit assessments and not *ad valorem* taxes, it is not inconsistent with Chapter 151.

In their argument, appellants make assertions that it is against public policy to permit foreclosure of a railroad right of way [see City of Higginsville v. Alton R. Co., 237 Mo.App. 1204, 171 S.W.2d 795 (1943)], and that to permit foreclosure in this case would interrupt operation of their railroad contrary to public policy. It is not necessary to treat these arguments because any such issue was withdrawn from this case by the pretrial stipulation; and Section 393, Charter of Kansas City, authorizes the city to forego enforcement of collection by foreclosure. Defendant Lehr also passed from this lawsuit as a result of the stipulation.

Article X, Section 5, Constitution of Missouri, provides that all railroad corporations in Missouri are subject to taxation for state, county, and municipal purposes on real and personal property owned or used by them, as well as on their gross and net earnings, franchises and capital stock.

Section 151.010, RSMo 1969, V.A.M.S., provides that all railroads shall be subject to taxation, and taxes levied on real property and tangible personal property shall be levied as further provided. Such further provisions include the requirement of an annual statement of its properties by each railroad to the State Tax Commission upon which the Commission shall assess, adjust, and apportion the tax.

Section 88.100, RSMo 1969, V.A.M.S., provides that all real property, including rights of way of railroads, in a city shall be subject to special assessments for public improvements made by such city.

Section 62, Charter of Kansas City, provides that the city council shall have the power "for the purpose of maintaining, repairing and otherwise improving the boulevards, parkways, roads and other highways * * *, to levy by ordinance annually, a special assessment on lots, tracts and parcels of land abutting on boulevards * * * ; provided that no such annual assessment shall exceed * * * [$.10] per abutting foot * * *." Section 62 further provides that such assessments shall be a lien against affected properties, subject to foreclosure.

In this scheme for taxation of railroads, there is no inconsistency or conflict between Chapter 151, RSMo 1969, V.A.M.S., and Kansas City's Special Assessment for Boulevard Maintenance and Improvement.

■ The general power to tax railroads contained in Article X, Section 5, Constitution of Missouri, is conferred upon municipalities. Chapter 151, RSMo., provides the means for *ad valorem* taxation of railroads, and is obviously inapplicable to special assessments against railroads which are authorized by Section 88.100, RSMo 1969, V.A.M.S. This section does not state particularly that railroads are liable for special assessments for boulevard maintenance; neither does it forbid such assessments.

■ Cases which have set aside or restrained collection of special assessments as to railroad property within a benefit district have been cases of gross discrimination against the railroad. The implication from such cases is that if the railroad property has been assessed on the same basis as other property in the benefit district, then no claim for restraint is presented. Kansas City Southern Ry. Co. v. Road Improvement District, 256 U.S. 658, 41 S.Ct. 604, 65 L.Ed. 1151 (1921).

■ No discrimination or disparity is present here because plaintiffs were assessed on the basis of ten cents per abutting foot, as was all other property within the (West Park) benefit district. In such circumstance, the question of benefits is a

legislative function and is not subject to judicial review on assertions of no, or less, benefit, in comparison to other properties within the benefit district. Spencer v. Merchant, 125 U.S. 345, 8 S.Ct. 921, 31 L. Ed. 763 (1888); French v. Barber Asphalt Paving Co., 181 U.S. 324, 21 S.Ct. 625, 45 L.Ed. 879 (1901); Meier v. City of St. Louis, 180 Mo. 391, 79 S.W. 955 (1904); Heman v. Schulte, 166 Mo. 409, 66 S.W. 163 (1901).

■ On the secondary question, suffice to say that Section 79, Charter of Kansas City, provides that the "City Treasurer shall be charged with the custody of all public moneys of the City and collection of all taxes, special assessments and licenses."

Judgment affirmed.

WELBORN, C., concurs.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.